## HACKETT *v.* THE STATE.

1. When a motion for a new trial in a criminal case is based on the disqualification of a juror, in that he was not fair and impartial, because before he qualified the juror had formed and expressed an opinion that the movant was guilty of the offense with which he was charged, and the evidence as to such disqualification before the trial judge was conflicting, this court will not reverse the finding unless such evidence is so overwhelming as to show that the judge did not properly exercise the discretion with which the law invests him.

2. The question as to whether the jury will or will not recommend to mercy a defendant whom they have found guilty on the trial of a capital case is for the jury alone. The right to recommend is not restricted by any statutory provisions; but when, in charging the provisions of the statute on this subject, the judge tells the jury that they may recommend if in their judgment they think they are justified in so doing, and that it is for them to say whether all the circumstances in the case warrant them in making such a recommendation, but adds that the jury are not limited or circumscribed in any respect and that the law prescribes no rule for the exercise of their discretion, such charge is, under previous rulings of this court, not cause for a new trial.

3. Where the facts of the case show that no element of manslaughter of either grade was involved in the homicide, the law relating to manslaughter could not properly have been given in charge to the jury.

4. The charge in relation to the weight to be given to the defendant's statement was not error.

5. The verdict was in accord with the law, and supported by the evidence in the case.

Argued June 19, — Decided July 19, 1899.

Indictment for murder. Before Judge Fite. Bartow superior court. January term, 1899.

*Thomas W. Milner*, for plaintiff in error. *J. M. Terrell, attorney-general*, and *Sam P. Maddox, solicitor-general*, contra.

LITTLE, J. 1. It is complained in the motion for a new trial, that Baker, a member of the jury which rendered the verdict, had, previously to the trial, heard a part of the testimony of the witnesses on oath, and had formed an opinion that the movant was guilty of murder, and expressed the opinion that he ought to be hung; and that at the time Baker was accepted as a juror his mind was not perfectly impartial between the State and the accused, notwithstanding he qualified on his voir dire. In support of this ground of the motion, the movant introduced the affidavits of Milam and Bright. The former deposed that, in a conversation with Baker and Bright sometime prior to the trial, he heard Baker say that he would not be drawn on the jury, and he thought, from all he knew, that Hackett ought to be hung. Affiant thinks that Baker said that he had not heard any of the testimony, but that he would not be taken as a juror because he lived near the place where the homicide was committed. Affiant Bright deposed that in March prior to the trial, and after the arrest of the plaintiff in error, affiant, Milam, and Baker were together near Cartersville

and were talking about the Hackett case; that Baker remarked there was no use to draw any persons on the jury who lived near Stilesboro, as he thought they had all formed an opinion; he said that he knew he had, that he believed Hackett ought to be hung, and that he did not want to sit as a juror on the case. In that conversation Baker said that he had heard the sworn evidence; and in a conversation with Baker the next day the latter said that he had heard evidence on oath and had formed and expressed his opinion, and that they could not make him serve as a juror on the case. These affidavits were accompanied by an affidavit from Hackett, and also his counsel, that they had no knowledge that Baker was under disqualification at the time he qualified as a juror, that they did not know anything of the facts detailed by these witnesses, but that Baker was accepted as a juror on the faith that he was fair and impartial and had never formed and expressed an opinion. The State read in evidence an affidavit of Baker, which, in substance, after referring to the contents of the affidavits of Bright and Milam, admits that he had a conversation with these affiants, and in that conversation he perhaps did say, from common rumor and general talk, that Hackett ought to be hung; that the statement was made on the general talk in the neighborhood where Baker lived. He positively denies that he had formed an opinion from having heard any of the evidence; he had heard no evidence under oath until he was sworn as a juror; at the time he qualified as a juror he was entirely free from prejudice, and not the least disposed to convict the plaintiff in error unless the evidence authorized it; his mind and feelings were in such a condition that he could fairly and impartially pass upon the evidence and be governed alone by it; the conversation referred to was a general, running conversation in which all of the participants said that if the rumors were true Hackett ought to be hung. In connection with this affidavit the State offered one from the clerk and deputy-clerk of the superior court, and from the sheriff and deputy-sheriff of Bartow county, that Baker is a man of good character, an excellent citizen, and deserves the esteem and confidence of the people, and that his intelligence and uprightness specially qualify him to serve as a juror in any case.

If the juror had formed and expressed any opinion as to the guilt of the plaintiff in error, from having heard any part of the evidence, he was of course disqualified; and if his mind was not perfectly impartial between the State and the plaintiff in error at the time of the trial, he could not legally have been a member of the jury to pass upon the guilt or innocence of the plaintiff in error. Whether he had formed such an opinion, or whether he was impartial, were questions of fact. Baker admits that he did say, from common rumor and general talk, that Hackett ought to be hung, and this is the extent to which his admission goes. It was, therefore, incumbent upon the judge of the superior court, in passing upon this ground of the motion, to take into consideration the evidence adduced on that question. He did so, and by overruling it he, in effect, decided that the evidence did not show that Baker was legally disqualified to sit as a juror on the trial of the case. We can not say so either, and on the evidence reverse this finding of the judge who had better opportunities to determine the facts than we have. In the case of *Myers* v. *State*, 97 *Ga.* 76, it was ruled that, "Ordinarily, the question as to whether or not a verdict is sufficiently impeached by showing the disqualification of a juror is a question where, upon a conflict of evidence, the discretion of the presiding judge should prevail, unless the weight of the evidence be so overwhelming against the finding of the circuit judge upon that point as that it can be fairly stated that he did not properly exercise the discretion vested in him by law." The evidence adduced here is not overwhelming against the finding of the circuit judge. It is in conflict, and what Baker said or did not say as expressive of the condition of his mind rests on his own evidence and that of the two witnesses, who have not exactly the same recollection as to the details of the conversation. Baker explains what he did say, deposes to his entire freedom from prejudice, and states absolutely that he had never heard any of the evidence on oath until he was accepted as a juror. Baker was either a prejudiced juror or he was not. Being a question of fact, the circuit judge, after considering the same, decided that he was not. He might well have done so under the evidence, and we can not say that his determination was wrong.

2. Another ground of the motion for new trial is an exception to a part of the charge which the court gave to the jury in the following language : "Now, upon the question of recommenda-. tion for mercy, that is a matter the law leaves entirely with you, and I give you this in charge : You may recommend if in your judgment you think you are justified in so doing. It is for you to say whether the facts—all the circumstances in the case warrant you in making such a recommendation; but you are not limited or circumscribed in any respect, and the law prescribes no rule for the exercise of your discretion. It is a matter entirely with you." So far as I· am concerned, if it were an original proposition, I should not hesitate to pronounce this charge error and wholly unwarranted by the law. The quality of mercy is free. Whether it shall be exercised or not in a capital case is for the jury alone to determine, and the judge may not lawfully abridge this· right by instructions which even in the slightest degree qualify its exercise. But I am bound by previous rulings of this court. In the case of *Inman* v. *State*, 72 *Ga.* 269, where the judge in the trial of a capital case charged the jury that, "If you find him guilty, and the case be one in which you think you are justified in doing so, the facts and circumstances justify you in doing so, you can say in your verdict that 'we recommend that he be imprisoned in the penitentiary for life'; and upon that recommendation it would be my duty to inflict that punishment upon him," this court ruled : "We do not think that the language used by the court was calculated to deprive, circumscribe, or restrict the jury in the exercise of their rights to recommend that the accused be imprisoned for life in the penitentiary, . . Yet, we think, in cases like this, the better practice would be for the court to call the attention of the jury to the law, and merely state to them, if they thought proper they might, in addition to the verdict of guilty, recommend that defendant be imprisoned in the penitentiary for life." While I readily acknowledge the binding force of this decision, I may yet be permitted to say that I am at a loss to determine why, if the language of the charge did not circumscribe or restrict the jury in the exercise of their right to recommend, it would be the better practice not to use the language of the charge.

Again, in the case of *Valentine* v. *State*, 77. *Ga.* 470; this court held that it was not error for the judge, in instructing the jury on the subject of their right to recommend the defendant to mercy, to charge as follows: "It is for you to say from the evidence, from all the facts and circumstances of the case, whether, in the event you find him guilty, you are warranted in recommending him to imprisonment in the penitentiary for life; and if you render a verdict with that recommendation, the court is bound to sentence him accordingly." And in the case of *Cyrus* v. *State*, 102 *Ga.* 616, where, after charging the law properly, as to the right of the jury to recommend the defendant to mercy, the judge added: "If you think this is a case in which you will be justified in recommending a life imprisonment in the event of your finding the defendant guilty, you have a right to make such recommendation, as it is for you to say, in the event of your finding the defendant guilty, whether the facts and circumstances in this case warrant you in making such a recommendation. It is all a question for you under the law and the evidence," this court said that it could not hold, on the authority of the cases of *Inman* and *Valentine*, supra, that such added charge was a cause for a new trial. The court, however, in that case said it would "be decidedly better to omit the use of the word 'justified' and of the word 'warrant,' and to substitute in their stead language leaving the jury free to dispose of the question of recommending or not recommending life imprisonment, without any intimation from the bench as to what should control or influence them in reaching a conclusion upon this matter." Under the rulings of these adjudicated cases, we are bound to rule that the judge committed no reversible error in using the language complained of, in his charge to the jury, but are impelled to say, even under the authorities referred to, that it is verging close to the line which separates the prerogatives of the judge from the rights of the jury.

3. The sixth, seventh, and eighth grounds of the motion for a new trial really involve an assignment of error because the court failed to give in charge to the jury the law relating to voluntary manslaughter. The specific error of which com-

plaint is made is, that the court charged the jury that they could find but one of three verdicts, that is, guilty, guilty with a recommendation, and not guilty; and that the court, after the conclusion of the evidence, announced to counsel, in the presence of the jury, that there were but three verdicts which might be made by the jury, the same as above stated; and that the court did not charge the law of voluntary and involuntary manslaughter. So that we can fairly treat these grounds as complaining that the court did not charge the law of manslaughter. We think it was not error to refuse to charge the jury the law of manslaughter, either voluntary or involuntary, under the facts shown by the record. As we construe the evidence, the plaintiff in error was guilty of murder, if the witnesses spoke the truth. The deceased made no assault upon the accused, nor were there any circumstances equivalent to an assault. Indeed, the evidence is painfully silent as to the existence of any fact which would, either legally or morally, mitigate the guilt of the accused, or afford any reason, sufficient or insufficient, for the homicide. It appears to have been deliberately committed, without any justification or the shadow of an excuse. The motion for a new trial should not have been granted for any reason stated in these three grounds.

4. It is further complained, in the motion for new trial, that the court erred in charging the jury that: "In determining what weight, if any, you give to the statement of the defendant, you should take into consideration his manner upon the stand, his manner of making his statement, what he says and how he says it; consider that he is not under oath, that he is under no penalty to speak the truth, that he is not subject to cross-examination without his consent; and you should also consider his interest that he has in the case, and determine whether or not you give his statement any faith or credit, and if so how much. If you should determine that you will give his statement any faith or credit, you should consider it along with all the testimony in the case, and determine whether he be guilty as charged." In the case of *Keller* v. *State*, 102 *Ga.* 506, this court held, that it was not error for the judge, in instructing the jury in relation to the prisoner's statement, to

charge that if they should find the statement consistent and true, they had a right to believe it in preference to the sworn testimony in the case ; that they should not do so carelessly and capriciously, but under their oaths as jurors, considering the statement in connection with the sworn testimony in the case, and testing it in the light of that testimony give it such weight as the jury might think proper.    To so much of that decision as contained the approval of that charge, I entered my dissent.    Subsequent reflection has but strengthened my conviction that the charge there given was error.    But, however this may be, the ruling made upholds this charge, and, under the authority of that case, it was not error.    It is my opinion that in giving instructions to the jury in the trial of a criminal case where a statement has been made by the defendant, the purposes of the law are fully complied with when the trial judge limits his instructions to the words of the statute. '

5. There was no error in the charge complained of in the ninth ground of the amended motion for new trial; and we do not think, after a careful consideration of the record, that the verdict was contrary to law, nor to the evidence, nor to principles of justice.    On the contrary the evidence is amply sufficient to sustain the verdict and to leave no reasonable doubt in the mind of the jury that the accused was guilty as charged.

Let the judgment of the court below be

*Affirmed.    All the Justices concurring.*