## THOMPSON v. THE STATE.

SIMMONS, C. J.   1. In an indictment for false swearing it is not necessary to allege expressly that the oath was taken not in a judicial proceeding, when the facts set out in the indictment show this unequivocally.

2. Where on the trial of one accused of false swearing it appeared that he had sworn to a report of several pages, one of such pages was not inadmissible in evidence because the accused had previously sworn to it before another attesting officer.   The first oath did not affect the falsity of the second nor render the page inadmissible.   Nor was it error to admit parol evidence to the effect that the oath of the accused, subscribed to the report, was to the entire report including the page just referred to.

3. One indicted for false swearing may be convicted although it appear that the officer who administered the oath knew at the time that it was false and made to obtain funds to which the affiant was not entitled, and such officer administered the oath for the purpose of instituting criminal proceedings.

4. Where a school-teacher is indicted for swearing to a false school report, and such report is lost, upon the trial of the teacher under another indictment for the same offense the first indictment is admissible in evidence to show the contents of the lost report, when there is evidence that certain names in the report and in the first indictment were identical.

5. A new trial will not be ordered because of the failure of the trial judge to instruct the jury as to the form of their verdict, when it appears that in concluding his charge he stated that in the event the jury entertained a reasonable doubt as to any material issue in the case, they should return a verdict of acquittal ; but that if they had no such doubt, they should find the accused guilty.

6. There was no error in the rulings of which complaint was made, and the evidence was sufficient to authorize the verdict.

*Judgment affirmed.   All the Justices concur.*

Submitted April 21, — Decided May 10, 1904.

Indictment for false swearing.   Before Judge Mitchell.   Lowndes superior court.   January 15, 1904.

The indictment charged that Thompson " did wilfully, knowingly, absolutely, and falsely swear, and without laying the hand on the holy evangelist of almighty God, and before C. L. Smith as county school commissioner of Lowndes county, said State, and to his report made in writing to said county school. commissioner of his enrollment of pupils in his school at Naylor, Georgia, in said county, and for the school month beginning January 26, 1903, and ending February 20, 1903, purporting to have been taught by him as such teacher employed by the proper authority of said county under the public school system of said State, that said report was correct, that the pupils reported therein were of the legal

school age and were pursuing the legal branches, and that he had taught twenty days during the month; when in truth and in fact of the names so furnished in his said sworn report and reported by him as taught by him in his said school during said month, and which he well knew, as aforesaid, to wit," setting forth thirty names, "such oath to the facts in substance as stated having been legally administered to the said B. W. Thompson by the said C. L. Smith as such county school commissioner in the transaction of said business, same being necessary school business under the supervision of said county school commissioner, who had authority to administer same, and such report having been made on blanks furnished for that purpose to said county school commissioner by the State school commissioner of Georgia; such false oath being made to get public school funds the said teacher was not entitled to receive." The accused demurred to the indictment, and excepted to the overruling of the demurrer; the grounds of which were, that the indictment set forth no crime, and that it failed to allege that the oath administered was in a matter other than a judicial proceeding. In the brief it was submitted that the allegations did not negative the idea that the oath was submitted in a judicial proceeding; as the oath might have been administered in conducting some investigation before the county board of education when sitting as a judicial tribunal for determining a controversy arising under the school laws:— citing Pol. Code, § 1387; Penal Code, § 258; 99 *Ga.* 711; 114 *Ga.* 100.

After verdict of guilty, a motion for new trial was overruled, and exceptions were taken. The motion alleged, beside the general grounds, that the court erred in the following rulings.

The teacher's report on which the indictment was founded consisted of four pages, each of the first three of which appeared to have been sworn to before C. L. Smith, C. S. C., on March 21, 1903. The fourth on its face appeared to have been sworn to and subscribed, on February 21, 1903, before D. W. Washington. The accused objected to the admission of this fourth page, on the ground that it was irrelevant; and to the admission of testimony of C. L. Smith, that he administered to the accused the oath to the fourth page along with the other three, on the ground that the writing was the best evidence of its contents, and parol evidence was not receivable to vary its contents.

Refusal of written requests to charge: (*a*) That before the oath, it administered to the accused by the county school commissioner, would be valid and could operate as a foundation for the indictment, the jury would have to find that the administration of it was "necessary in the transaction of school business of the county, or in conducting an investigation before the school board in said county when sitting as a judicial tribunal for the determination of some controversy arising under the school laws;" the judge substituting. for the quoted words, the words, "legal and in the transaction of school business of the county." (*b*) "If . . before the oath was administered to the defendant the county school commissioner had satisfied his mind that the report in question was false and padded, . . it would not be necessary, in the administration of school laws, for said oath to be administered; because the same could in that event have no weight with the school authorities in the distribution of the school funds." (*c*) "Should you find that the county school commissioner knew at the time of the administration of the oath that it was false, and so administered for the purpose of instituting a criminal prosecution against the accused, in that event he would have no authority to administer the same, and it would be your duty to acquit the defendant." Counsel cited 15 *Ga.* 246; 52 *Ga.* 242.

Admission in evidence of "that part of a former indictment against defendant, showing the following names:" setting forth thirty-one; "said names being a part of those contained in the monthly report, an alleged copy of which was offered and admitted in evidence, and which the county school commissioner, C. L. Smith, swore he had checked to said indictment from the original monthly report lost, and swore that the names in the old indictment, the above portion of which was tendered and admitted in evidence, was compared by the witness with said monthly report lost, and were identical and a part of the same that appeared upon said monthly report, which reports the witness compared with defendant's final report, that said names did not appear in defendant's final report, and witness knew said defendant admitted children bearing such names did not attend his said school." To which evidence the accused objected on the ground that the allegations in the former indictment could in no way bind him, and were prejudicial to him on this trial. The objection was overruled.

In omitting to instruct the jury what the form of their verdict should be if they should acquit the accused. 93 *Ga.* 123.

The point was made in the brief that of the children whose names appeared in the report alleged to have been falsely verified, but a few were shown not to have attended the defendant's school, the evidence being silent as to the rest; and that the conviction was illegal without proof that each and all of those whose non-attendance was alleged did not in fact attend. 4 *Ga.* 473, 108 *Ga.* 53, and 113 *Ga.* 928, were cited.

*S. M. Varnedoe* and *Wilcox & Johnson,* for plaintiff in error.
*W. E. Thomas, solicitor-general,* contra.