480

*Jones, Jones & Sparks,* for plaintiff in error.
*Hall & Bloch,* contra.

## WHEAT *v.* THE STATE.

JENKINS, Justice. 1. The approved grounds of the amended motion for new trial recite that "on the trial of said case the defendant admitted that he was guilty of the crime of murder, and only submitted to the jury the question of what his punishment should be, [asking] the jury to recommend him to the mercy of the court. . . This was defendant's only plea." The sole exceptions taken are to charges, omissions to charge, the admission of evidence, and argument by the solicitor-general, involving only whether there was such error as prejudiced the chance of the defendant to obtain from the jury a recommendation to mercy.

2. Irrespective of whether or not it was error to admit the testimony on direct examination of the doctor who examined the deceased at the hospital, where he was carried after being shot, as admitted by the defendant, for treatment of a bullet wound in the abdomen and lacerations and abrasions about the head, that "it looked like a blunt instrument" had inflicted the scalp injuries, no prejudice could have resulted to the defendant in his denial that he had beaten the deceased after shooting him, since on cross-examination the defendant himself elicited the similar statement, "they looked like they were made with a blunt instrument," and the reasons for this expert opinion were fully stated not only on direct but on cross-examination.

3. As to the right of the jury to recommend mercy, the charge was not subject to the exception that, although the defendant concluded his statement to the jury in the words, "Gentlemen of the jury, for my mother's sake and mine, please help me, I ask for mercy," and an appeal for such a recommendation was the only plea and contention of the defendant, the court failed, without request, to refer expressly to such statement or to charge more fully than it did on such contention. See *Harris* v. *State,* 183 *Ga.* 574, 575 (188 S. E. 883). (a) It was not error in such charge to use the word "discretion" with reference to the unlimited power of the jury to recommend mercy. As to such use of the word see *Hill* v. *State,* 72 *Ga.* 131, 132; *Thomas* v. *State,* 89 *Ga.* 479 (2) (15 S. E. 537); *Perry* v. *State,* 102 *Ga.* 365, 380 (30 S. E. 903); *Cohen* v. *State,* 116 *Ga.* 573 (42 S. E. 781); *Thomas* v. *State,* 129 *Ga.*

419, 424 (6) (59 S. E. 246); *Williams* v. *State*, 119 *Ga.* 425 (3) (46 S. E. 626); *Barfield* v. *State*, 179 *Ga.* 293 (175 S. E. 582). (b) Nor was the jury erroneously limited in its power to recommend mercy by the instruction, "And in determining what punishment the defendant shall receive, you gentlemen may consider all the facts and circumstances of the case as disclosed by the trial, by the evidence, and by the statement of the defendant" (*Inman* v. *State*, 72 *Ga.* 269 [6], 279; *Valentine* v. *State*, 77 *Ga.* 470 [4], 481), especially where the jury were told in the same connection that it was their "right and province" to recommend mercy, that this right was "not limited or confined," that there was "no rule of law governing the jury" with reference thereto, and that they could so recommend without interference by the court, if they "should decide for any reason satisfactory to [themselves], or without any reason," to do so. *Hackett* v. *State*, 108 *Ga.* 40 (2), 44 (33 S. E. 842); *Cyrus* v. *State*, 102 *Ga.* 616 (2) (29 S. E. 917); *Vann* v. *State*, 83 *Ga.* 44 (11), 56 (9 S. E. 945).

4. In the absence of any motion for a mistrial, or the invoking of some ruling or instruction by the court with reference thereto, or even of any objection at the time, there is no merit in the ground of the motion for new trial complaining for the first time of the argument of the solicitor-general quoting from the Bible passages as to the punishment for homicide. *Brooks* v. *State*, 183 *Ga.* 466, 467 (188 S. E. 711, 108 A. L. R. 752), and cit.; *Ga. Power Co.* v. *Puckett*, 181 *Ga.* 386 (4), 393 (182 S. E. 384), and cit.; *Benton* v. *State*, 185 *Ga.* 254, 257 (7) (194 S. E. 166); *Southern Ry. Co.* v. *Dean*, 128 *Ga.* 366 (2) (57 S. E. 702); *Atlanta Consolidated Street Ry. Co.* v. *Bagwell*, 107 *Ga.* 157 (4), 161 (33 S. E. 191); Code, § 81-1009.

5. "A failure to charge in regard to the consideration to be given by the jury to evidence of good character of the defendant, in the absence of a request for such a charge, will not require a reversal." *Ellison* v. *State*, 137 *Ga.* 193 (7) (73 S. E. 255); *Smith* v. *State*, 34 *Ga. App.* 779 (131 S. E. 923), and cit.; *Scarboro* v. *State*, 24 *Ga. App.* 27 (6) (99 S. E. 637).

6. The court, after first admitting testimony by the son of the deceased as to his father's narrative to him of the events of the homicide, made upon the son's arrival at his home and within about thirty minutes after the tragedy, finally excluded this testimony with a statement to the jury not to "consider the evidence as to the alleged statement by the deceased, which has been excluded." The alleged statement of the deceased contained nothing materially different from the written confession of the defendant and his statement to the jury, except as to the disputed and alleged inflammatory fact that the defendant, after shooting the deceased with a pistol when the deceased reached for a shotgun, also clubbed him over the head. This reference to the defendant's beating him on the head was cumulative of the testimony of the examining doctor referred to in the second preceding paragraph, elicited on cross-examination by the defendant himself as well as on direct examination, that the head wounds "looked like they were made with a blunt instrument," together with the reasons for this expert opinion. No motion

482

was made for a mistrial. Irrespective of the admissibility under the res gestæ rule of the son's testimony with regard to the statement of the deceased, as so nearly connected with the act "in time as to be free from all suspicion of device or afterthought," although the statement was made about thirty minutes thereafter, *in the absence of any motion for mistrial,* and in view of the similarity of other evidence, and the specific instruction to the jury not to consider the excluded testimony (as distinguished from the failure so to instruct in *Tanner* v. *State,* 161 *Ga.* 193 [2], 196, 130 S. E. 64, and *Campbell* v. *State,* 155 *Ga.* 127, 128, 116 S. E. 807, and cit.), the hearing by the jury of such testimony before its exclusion and the instruction thereon does not authorize a reversal.                     *Judgment affirmed. All the Justices concur.*

No. 12502.   JANUARY 14, 1939.

484

George D. Anderson and J. G. Roberts, for plaintiff in error.
M. J. Yeomans, attorney-general, H. G. Vandiviere, solicitor-general, and Duke Davis, contra.