BILLINGSLEY *v.* THE STATE.

712

No. 14027.   April 14, 1942.

*Don B. Howe* and *Henry A. Stewart,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* and *E. J. Clower, assistant attorney-general,* contra.

BELL, Justice. (After stating the foregoing facts.)

■ The judge charged the jury as follows: "If it is possible for you to do it, and it is your duty to do it, take everything else out of your minds and decide the case according to the evidence and the defendant's statement." In the first special ground of his motion for new trial the defendant contended that this charge was an erroneous statement of the law, was incomplete and confusing, and did not instruct the jury directly to decide the case according to the evidence and the defendant's statement, but merely charged them that it would be best to do so. There was no merit in these exceptions.

■ The following charge was complained of in special ground 2: "Criminal intent being an essential element of every crime, it is a question of fact to be determined by the jury whether such criminal intent was present in the mind of the defendant at the time of the alleged crime, whether the defendant was mentally capable of such criminal intent, whether the defendant acted with such intent at the time of the alleged act or was mentally capable of distinguishing between right and wrong with reference to the act." This excerpt was assailed upon the ground that it contained an

intimation by the court that the alleged crime had been committed, especially so in view of the words "at the time of the alleged crime," which, it was contended, assumed that the transaction was a crime. In ground 3 the defendant complained of an instruction on insanity, to the effect that "If at the time the killing was committed" the defendant was laboring under a stated mental condition, he would not be responsible; the contention being that the phrase here quoted expressed an opinion that the killing had been committed by the defendant. There was no merit in either of these grounds. The evidence showed, without dispute, that the defendant did kill his wife by shooting her as charged, and no issue as to his commission of such act was presented by the defendant's statement; his sole defense being that at the time of the homicide he was in such mental state that he did not know right from wrong. Furthermore, in a note to ground 3 it was stated by the judge that the charge complained of in that ground was given in the exact language of a written request presented by counsel for the defendant. A party will not be heard to complain of a charge given at his own request.

■ In ground 4 the following charge was complained of as limiting the right of the jury to recommend mercy, and as erroneous for other reasons stated: "'I say, if you find that [the defendant] knew what he was doing, and he did it maliciously and wilfully and intentionally as charged in the bill of indictment, you would be authorized to find him guilty. If you find him guilty, the form of your verdict would be, We, the jury, find the defendant guilty, and that would mean under the law of this State that he would forfeit his life, which would be taken by electrocution. If you find the defendant guilty you have the right to recommend mercy. There is no limitation on that right. You look to all the evidence in the case and the defendant's statement; and if you believe it is right and proper, you have the right to recommend mercy. You may or may not do it. If you find the defendant guilty and recommend mercy, the law prescribes a punishment of life imprisonment at such place as the State authorities may provide for him, for the remainder of his natural life. If you are not satisfied beyond a reasonable doubt of the defendant's guilt, or if you have a reasonable doubt about his guilt under the evidence and the defendant's statement, then it would be your

duty to acquit the defendant, and the form of your verdict would be, We, the jury, find the defendant not guilty. You just take the evidence in the case that has been produced here on the trial, and the defendant's statement, and as fair and impartial jurors see what happened. See whether or not he understood what he was doing. See whether or not he intended it. See whether or not he did it. When you have determined what the facts are you will write your verdict, one that satisfies your minds and consciences beyond a reasonable doubt, in one of the forms that I have given you, write it on the indictment, date and sign it by your foreman, and return it into court." This charge was assigned as error on the following grounds: It was an erroneous statement of the law, was confusing to the jury in that it failed to give them any form or way in which to return a verdict of guilty with a recommendation of mercy, limited the right and power of the jury as to finding a verdict with a recommendation, and restricted them to only two forms of verdict, to wit, guilty or not guilty, thus depriving the jury of their right to find a verdict of guilty with such a recommendation, and depriving the defendant of his right to such a verdict if the jury saw fit to return it.

We do not regard the charge as being subject to these criticisms. It should be viewed from the standpoint of the jurors, who were chosen for their uprightness and intelligence and presumably were possessed of these qualifications. While the judge did not in express terms say what the form would be in the event the jury concluded to recommend mercy, the charge as a whole did not tend to leave them in a state of confusion on that question, but on the contrary virtually gave them the form to be followed in such case. The judge first stated to the jury that if they found the defendant guilty, the form of their verdict would be "We, the jury, find the defendant guilty," and that such a verdict would mean that the defendant would forfeit his life by electrocution. He immediately stated further that if the jury found the defendant guilty, they would have the right to recommend mercy, and that there was no limitation on that right. He stated finally, as to this question, "If you find the defendant guilty and recommend mercy," the law prescribes a punishment of life imprisonment. Manifestly this, to an intelligent jury, was the equivalent of stat-

ing that if they found the defendant guilty and saw fit to recommend mercy, they would simply add the words, "and recommend mercy." Afterward they were told that if they should find the defendant not guilty, the form would be, ";We, the jury, find the defendant not guilty." The charge thus informed the jury of the three kinds of verdict that they were authorized to render, and considered as an entirety it could not reasonably have been interpreted otherwise. The final instruction, therefore, that whatever the verdict might be it should be written in one of the forms given, was evidently understood by the jury as including a form that would contain a recommendation of mercy. See, in this connection, *Kearney* v. *State*, 101 *Ga.* 803 (7) (29 S. E. 127, 55 Am. St. R. 344) ; *Thompson* v. *State*, 120 *Ga.* 132 (5) (47 S. E. 566) ; *Caison* v. *State*, 171 *Ga.* 1 (2) (154 S. E. 337) ; *Yancy* v. *State*, 173 *Ga.* 685 (2) (160 S. E. 867) ; *Simmons* v. *State*, 181 *Ga.* 761 (9) (184 S. E. 291) ; *Nalley* v. *State*, 11 *Ga. App.* 15 (3) (74 S. E. 567).

Nor was the charge otherwise calculated to mislead the jury as to the extent of their authority, or to prevent the free exercise thereof; the language of the charge pertinent to this question being as follows: "If you find the defendant guilty, you have the right to recommend mercy. There is no limitation on that right. You look to all the evidence in the case and the defendant's statement; and if you believe it is right and proper, you have the right to recommend mercy. You may or may not do it." As to the correctness of this instruction, see *Inman* v. *State*, 72 *Ga.* 269 (6) ; *Cyrus* v. *State*, 102 *Ga.* 616 (2) (29 S. E. 917) ; *Elder* v. *State*, 143 *Ga.* 383 (3) (85 S. E. 197) ; *Hugle* v. *State*, 147 *Ga.* 35 (5) (92 S. E. 646) ; *Wheat* v. *State*, 187 *Ga.* 480 (3) (1 S. E. 2d, 1) ; and compare *Allen* v. *State*, 187 *Ga.* 178 (5) 200 S. E. 109), relating to argument of the solicitor-general. Attention, however, may be here called to the fact that the statement in the opinion in the *Allen* case, supra, to the effect that in *Dupre* v. *State*, 153 *Ga.* 798 (10) (113 S. E. 428), "this court held that no error was shown" in the charge there under review, was inaccurate; the judgment, as to the attack made on such charge, having been affirmed by an equally divided court; but appropriately it might have been said in the *Allen* case, as in *Meyers* v. *State*, 169 *Ga.* 468, 483 (151 S. E. 31), "For a full discussion of the cases bear-

ing upon this question see *DuPre* v. *State,* 153 *Ga.* 798," supra.

The charge here was materially different from that considered in *Cohen* v. *State,* 116 *Ga.* 573 (42 S. E. 781), and there held erroneous as infringing the absolute right of the jury as to recommendation of mercy. See reference to that case, and also to *Taylor* v. *State,* 105 *Ga.* 746 (3), 781 (31 S. E. 764), in *Morrow* v. *State,* 168 *Ga.* 575 (6), 585 (148 S. E. 500), where again may be found a valuable discussion on the subject. Nor is the conclusion reached in the instant case contrary to any of the other decisions cited for the defendant.

In ground 5 error was assigned upon the failure of the judge to instruct the jury in terms as to "the form of verdict" they should use, if they decided upon a verdict of guilty with a recommendation. This ground is covered by what has just been said in regard to ground 4.

█ There is no contention that the verdict was not supported by the evidence. No error of law having been committed, the judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *All the Justices concur.*