## TYE *v.* THE STATE.

No. 14952.   SEPTEMBER 9, 1944.

*H. A. Allen* and *Gertrude Harris*, for plaintiff in error.

*T. Grady Head, attorney-general, John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* and *Victor Davidson, assistant attorney-general,* contra.

WYATT, Justice. ■ The evidence was sufficient to authorize the verdict, and therefore the general grounds are without merit.

■ In special ground 1 the movant "insists that a new trial should be granted for the reason that nowhere in the charge did the court charge the jury that, while provocation by mere words, threats, or contemptuous gestures of and within themselves would not justify killing, nevertheless, if they were sufficient to arouse within the slayer the fear of a reasonable man that his life was in danger, or that a felony was about to be committed on his person, and he killed under the influence of such fear, then and in that event, the killing would be justifiable;" and that the court "nowhere in his charge gave the jury the opportunity to say by [their] verdict that the killing was justifiable, if they should believe that the threats or menaces, mentioned in the defendant's statement, were sufficient to arouse within him the fear of a reasonable man that his life was in danger, or that a felony was about to be committed on his person." We can not agree with the position of the plaintiff in error. In *Gossitt* v. *State,* 182 *Ga.* 535, 538 (186 S. E. 417), this court said: "The court charged: 'provocation by words, threats, menaces, or contemptuous gestures shall in no' case be sufficient to free the person killing from the guilt and crime of murder.' This charge was not erroneous on the ground, as contended, that the judge 'did not instruct the jury, either in connection with this charge or elsewhere, that they might consider whether or not the words, threats, menaces, or contemptuous gestures were sufficient, under the circumstances surrounding the shooting, to arouse a reasonable fear on the part of the accused that his life was then and there in danger or that the life of his son was then and there in danger, and that he shot while under the influence of that fear.' " See also *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573); *Rawls* v. *State,* 160 *Ga.* 605 (2) (128 S. E. 747); *Hartley* v. *State,* 168 *Ga.* 296 (147 S. E. 504). In a case where the facts warrant a charge to the effect that evidence of threats and menaces may be considered in connection with other evidence bearing on the subject of reasonable

fears, the failure to so charge the jury is not reversible error in the absence of a timely written request. *Futch* v. *State,* 137 *Ga.* 75 (2 *a*) (72 S. E. 911); *Hartley* v. *State,* supra.

■ In special ground 3, the movant "insists that the court erred during the progress of the charge in giving the following charge to the jury: 'Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder.' Movant insists that this charge was error, because the court did not in this same connection and did not anywhere in the charge call the attention of the jury to the fact that while words, threats, or menaces will not and within themselves reduce a killing from the offense of murder to that of manslaughter, nevertheless, such words, threats, or menaces may justify a killing, if the circumstances be such as reasonably to arouse the fears of a man that his life is in danger, or a felony is about to be committed upon his person." Since this ground contains almost identically the same contentions as ground 1, it is controlled by the ruling in the preceding division of this opinion.

■ In special ground 4 the movant contends "that a new trial should be granted because, during the progress of the trial, counsel for the defendant asked Cecelia Neal [State's witness] the following question: 'Why were you after Jimmie Lee so bad?' and she answered: 'He was already in trouble, and had not been long out for shooting another boy, I guess.' When the witness made this answer, counsel for the defendant . . made a motion for a mistrial on the ground that he had not asked for such testimony, and that it was an unlawful attack on the character of the defendant. Whereupon, the court ruled out the answer, and instructed the jury not to consider it, but overruled and denied the motion for a mistrial. Movant contends and insists that it was error to deny the motion for a mistrial under these circumstances, because the answer of the witness was [as] a volunteer and [an] unlawful attack on defendant's character, and was highly prejudicial to his case, and calculated to do him great injury and arouse great prejudice, and it was not sufficient for the court simply to instruct the jury, as he did, not to consider that testimony, and to pay no attention to it; that they were interested only in what happened at the time and place of the alleged killing,

and what led up to it, and not to be influenced by it . . that the instruction . . was not sufficient to remove the prejudice said testimony was calculated to arouse, and nothing short of a mistrial would have given the defendant the perfect protection against such prejudice as the law provides for." It will be noted that counsel for the defendant was himself responsible for eliciting the answer complained of in this ground. The trial judge, acting immediately, instructed the jury not to consider the statement of the witness, and ruled it out. Since the trial judge acted immediately and ruled out the statement of the witness, and instructed the jury not to consider the answer to the question in its deliberation, there is no merit in this contention. *Holley* v. *State*, 191 *Ga.* 804 (14 S. E. 2d, 103); *Nelson* v. *State*, 187 *Ga.* 576, 582 (1 S. E. 2d, 641); *Worthy* v. *State*, 184 *Ga.* 402 (3) (191 S. E. 457); *Mimbs* v. *State*, 189 *Ga.* 189, 192 (5 S. E. 2d, 770).

*Judgment affirmed. All the Justices concur.*