HUBBARD *v.* THE STATE.

No. 17584. ARGUED SEPTEMBER 11, 1951—DECIDED OCTOBER 10, 1951—
REHEARING DENIED NOVEMBER 16, 1951.

473

*Lawson E. Thompson,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. Cecil Davis, Solicitor-General,* and *H. Grady Simmons, Assistant Attorney-General,* contra.

WYATT, Justice. ■ Plaintiff in error does not argue the general grounds in his brief. We therefore deem it sufficient to say that the evidence was sufficient to authorize the verdict.

■ The exceptions pendente lite raise the question whether or not a defendant in a criminal case who asks for a change of venue, on the ground that he can not obtain a fair trial in the county where the case is then pending, is entitled to a direct bill of exceptions before the trial of the case to a judgment denying the motion for change of venue. This question has been decided adversely to the contentions of the plaintiff in error in at least two unanimous decisions of this court. See *Coleman* v. *George,* 140 *Ga.* 619 (79 S. E. 543); *Anderson* v. *State,* 190 *Ga.* 455 (9 S.E . 2d, 642). We are asked, however, to review and overrule those decisions. We have examined the rulings complained of in the above-cited decisions, and believe them to be sound. The request to overrule them is accordingly denied.

3. Special ground one of the amended motion for new trial contends that the State failed to prove the venue of the alleged crime. The only evidence directly tending to establish venue was a statement by a witness for the State, who testified: "Where he got cut was here in Washington." Other circum-

stances relied upon to prove venue were that the deceased was treated for his wounds in the hospital in Washington. In that connection a doctor testified that he practiced in Wilkes County, and that he treated the deceased in the hospital in Washington on the night he was killed. The defendant was arrested in Washington.

In *Davis* v. *State,* 66 *Ga. App.* 214 (17 S. E. 2d, 554), it was held: "While proof that an offense was committed in a designated municipality is not in itself sufficient to show venue in any particular county of this State . . yet where the witness testified, during the trial of the defendant on a charge of bigamy alleged to have taken place in DeKalb County, Georgia, that 'I married her [the defendant] here at Decatur . . *Here* in Decatur, out here at Guy Chambers',' the designation of the municipality of Decatur as the place where the offense occurred was sufficient to show venue, since the evidence was sufficient to show that the municipality in question was that of the site of the County of DeKalb where its Superior Court was in session and was trying the defendant, and since this court will take judicial notice that Decatur is the site of the County of DeKalb, that Decatur is wholly within the County of DeKalb, and that DeKalb County is within the State of Georgia." The instant case is indistinguishable on its facts from *Davis* v. *State,* supra. The witness in the instant case testified: "Where he got cut was here in Washington." We will take judicial notice that Washington is the site of Wilkes County, that Washington is wholly within Wilkes County, and that Wilkes County is in the State of Georgia. For this reason, and for the further reason that all the evidence strongly tended to show that the crime was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, we hold that the venue was satisfactorily established under the facts in this case. See *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630); *Dickerson* v. *State,* 186 *Ga.* 557 (199 S. E. 142); *Campbell* v. *State,* 202 *Ga.* 705 (44 S. E. 2d, 903). There is no merit in this ground of the motion for new trial.

4. The second ground of the amended motion for new trial contends that the court erred in refusing to declare a mistrial,

for the reason that the State put the defendant's character in evidence when he had not done so himself. The testimony complained of was given by the Chief of Police of Washington, a witness for the State. During the cross-examination of this witness, counsel for the defendant asked the question, "Did you know before you went out there that he (the defendant) lived there at all?" To this question the witness answered: "Yes, on several occasions I have had to go down there and arrest him before then." Counsel for the defendant objected to this testimony, and asked the court to declare a mistrial on the ground that the testimony put the defendant's character in evidence and was prejudicial and harmful. The court promptly ruled the evidence out, but refused to declare a mistrial.

It will be noted that counsel for the defendant was responsible for eliciting the answer complained of in this ground. The trial judge, acting immediately, ruled out the evidence, thereby removing it from the consideration of the jury. We can not say, under the circumstances of this case, that this action by the trial judge did not afford the defendant all the protection to which he was entitled under the law. See *Tye* v. *State,* 198 *Ga.* 262 (31 S. E. 2d, 471); *Worthy* v. *State,* 184 *Ga.* 402 (191 S. E. 457); *Carrigan* v. *State,* 206 *Ga.* 707 (58 S. E. 2d, 407); *Eden* v. *State,* 43 *Ga. App.* 414 (159 S. E. 134). There is no merit in this ground of the motion for new trial.

5. Special grounds three and four complain of the admission in evidence of a dying declaration made by the deceased a few hours before he died, on the ground that he was not rational enough to make such a declaration when it was made. This objection was based upon the testimony of the doctor who attended the deceased and who testified that at the time he sewed up the wounds of the deceased he was not rational enough to make a statement. The doctor further testified, however, to the deceased's condition at the time he sewed up the wounds, and then stated that afterwards during the night he seemed to rally.

The dying declaration objected to was made to two officers some time after the doctor had finished treating the deceased's wounds. There is no direct testimony as to the deceased's condition at the time he made the statement. The doctor had

testified, however, that he "seemed to rally during the night." The statement made by the deceased was rational and connected. While the circumstances surrounding a dying declaration are matters which may properly be considered by the jury in determining the weight to be given to the declaration, we can not say, under the circumstances in this case, that it was error to admit the declaration in evidence.

6. Ground five of the amended motion for new trial complains of the following excerpt from the charge of the court: "Dying declarations, when the jury is satisfied that they are such, are founded upon the necessity of the case, and the reason, that being made in view of impending death and judgment, when the hope of life is extinct, and when the retributions of eternity are at hand, stand upon the same plane of solemnity as statements made under oath." The objection is that the excerpt complained of is argumentative, tended to impress upon the jury a duty to give it more weight than it should have, and tended to take away from the jury the full duty of deciding what weight it should be given. While we think it the better practice when charging on the question of dying declarations to charge substantially in the language of the Code, § 38-307, without explaining to the jury why such declarations are admitted, this question is controlled, adversely to the contentions of the plaintiff in error, by *Jeffords* v. *State*, 162 *Ga.* 573 (134 S. E. 169) and *Summerour* v. *State*, 172 *Ga.* 560 (158 S. E. 327), where an identical charge was sustained. The request to review and overrule the above-cited decisions is refused.

Under the rulings above made, the judgment of the court below was not error for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*