## THORNTON *v.* THE STATE.

No. 17820. Submitted April 15, 1952—Decided May 12, 1952.

52

*Harris, Henson & Gower,* for plaintiff in error.

*Eugene Cook, Attorney-General, Charlie O. Murphy, Frank S. French, R. A. Garland, Paul Webb, Solicitor-General, Wm. E. Spence,* and *Rubye G. Jackson,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ As to the statement made by the attorney, it was proper to state to the jury in a general way the character of evidence that he expected to present to establish guilt. See *Thomas* v. *State,* 144 *Ga.* 298 (3) (87 S. E. 8). His statement that the shooting at the husband was done with an "abandoned and malignant heart" was not improper, in that, such act being part of the res gestae, the animus and mental attitude of the accused was a proper subject for the jury to determine, and not an improper deduction for an attorney to insist upon.

■ Though the evidence related to a separate and distinct crime, it was admissible as part of the res gestae to illustrate the state of mind of the accused. *Floyd* v. *State,* 143 *Ga.* 286 (2) (84 S. E. 971); *Hill* v. *State,* 161 *Ga.* 188 (129 S. E. 647).

■ The second ground of the amended motion asserts error in not declaring a mistrial. On the cross-examination of a witness for the State, the attorney for the accused propounded the following question: "Polly, Bud lived in the house with you, didn't he?" Answer: "When he was out of the chaingang." A motion for mistrial was made. The court immediately ruled out the evidence and told the jury to disregard that response. The refusal to declare a mistrial was not error. *Worthy* v. *State,* 184 *Ga.* 402 (1) (191 S. E. 457); *Tye* v. *State,* 198 *Ga.* 262 (4) (31 S. E. 2d, 471); *Brown* v. *State,* 203 *Ga.* 218 (7) (46 S. E. 2d, 160).

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*