19198.   GRIER *v.* THE STATE.

ARGUED JANUARY 10, 1956—DECIDED FEBRUARY 15, 1956— REHEARING DENIED FEBRUARY 29, 1956.

250

*Frank B. Stow, Robert E. Andrews, Stow & Andrews,* for plaintiff in error.

*Sidney O. Smith, Jr., Jeff C. Wayne, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice. 1. The evidence supported the verdict, and there is no merit in the general grounds of the motion for new trial.

2. The 4th ground of the motion for new trial, as amended, contends that the court erred in failing to grant a mistrial because of a prejudicial remark made by a witness for the State. This witness, a photographer who had been hired by the investigating officers to take photographs, was asked by counsel for the defendant, on cross-examination, the following question: "You were working for these folks?" The witness stated: "I am working for a man just like you are working for a man already guilty and then you try him." Counsel for the defendant moved the court to declare a mistrial. The court refused to grant this motion, and instructed the jury: "Gentlemen of the jury, you will disregard any statement made by the witness in regard to Mr. Brannon representing anybody whether he was guilty or innocent." The witness stated: "I am not talking about this trial, I am talking about if he was paid to represent a man, you think a man is

innocent until he is proved guilty." The jury was retired while counsel made a further motion to declare a mistrial. On the return of the jury the court stated: "Gentlemen of the jury, you will not consider any statement made by the witness on the stand, and I will caution the witness just to answer the questions direct and you can answer 'Yes' or 'No' and then make any explanation whatever that you wish."

The statement of this witness was elicited by the defendant's counsel, although it was not a proper response to the question asked. The trial judge promptly instructed the jury to disregard the statement, and the witness to make direct responses to the questions. The overruling of this ground was not error. *Surles* v. *State*, 89 *Ga.* 167, 168 (6) (15 S. E. 38); *Tye* v. *State*, 198 *Ga.* 262, 265 (31 S. E. 2d 471); *Stanford* v. *State*, 201 *Ga.* 173 (38 S. E. 2d 823); *Porch* v. *State*, 207 *Ga.* 645, 646 (2b) (63 S. E. 2d 902); *Hubbard* v. *State*, 208 *Ga.* 472, 474 (67 S. E. 2d 562); *Thornton* v. *State*, 209 *Ga.* 51, 52 (70 S. E. 2d 733); *Callahan* v. *State*, 209 *Ga.* 211 (71 S. E. 2d 86).

3. The 5th ground asserts that the trial judge committed error in a statement made to the jury, as follows: "There are certain pictures made of the deceased that have been introduced in evidence and were allowed in evidence by the court so they could be used for the purpose of presenting the facts to the jury, but the court will not permit those pictures to go out with the jury." It is contended that this statement was an expression of an opinion that the pictures established certain facts in favor of the State and against the defendant. There is no merit in this ground.

4. In the 6th ground there is set out a long extract from the charge of the court on conspiracy. It is insisted that there was no evidence on the trial which authorized a charge on conspiracy; that the charge unduly stressed the contentions of the State in regard to conspiracy; and that the court erred in instructing the jury that they should consider all of the evidence, "direct, circumstantial, or whatever evidence you find to have been produced in your presence and hearing," to determine whether or not there was a conspiracy.

There was evidence from which the jury could find that the defendant and his son entered into a conspiracy to commit an unlawful act, and it was not error for the trial judge to charge on

conspiracy. *Pressley* v. *State*, 207 *Ga.* 274 (61 S. E. 2d 113). The excerpt quoted above is not subject to the objection that the jury was authorized to consider irrelevant evidence in a determination of the question of whether or not a conspiracy had been proved.

In ground 22 a portion of the charge on conspiracy is objected to on the ground that the trial judge, by the language used, expressed an opinion that a conspiracy had been proved. The excerpt is not reasonably susceptible of this construction.

5. Ground 7 complains of a charge in regard to the presumption of malice arising from the use of a deadly weapon. This charge was applicable to the evidence on the trial, and was not error.

6. Ground 8 asserts that the court erred in charging the jury as follows: "Now, I charge you, gentlemen of the jury, under the laws of this State, that parents and children may mutually protect each other, and justify the defense of the person or reputation of each other. Of course, reputation is not an issue in this case— but it is applicable to the issue being tried before you that the defendant on trial in this case and his son, who is jointly indicted with him, have the right to protect each other." It is contended that this charge was error for the reason that the court did not fully explain to the jury how the charge would be applicable to the case, and that the manner in which the judge charged on the defense of "reputation" was misleading and put the reputation of the defendant in issue on the trial when he had not raised such issue.

The manner in which the trial judge explained that reputation was not in issue in the case was not in the clearest possible language. The jury should not, however, have been misled by this charge into thinking that the reputation of the defendant was in issue. The complaint that the court should have explained the principle more fully is not a good ground of objection to the charge given.

In ground 17 error is assigned because of the refusal of the court to give a requested charge on the mutual right of parents and children to protect and defend each other. Besides the charge set out in ground 8, the judge gave an additional charge on the right of the defendant to protect his son, and referred to this right

in numerous places in the charge. The written request to charge was en bloc and included 23 paragraphs, some of which were not adjusted to the evidence. No valid assignment of error could, therefore, be made on the refusal to charge in the exact language of some portion of this request. *Satterfield* v. *State,* 157 *Ga.* 772 (122 S. E. 190).

7. Ground 9 sets out an extract from the charge, wherein the trial judge charged the principles of law regarding justifiable homicide embodied in Code §§ 26-1011, 26-1012, 26-1013, applying each section to the facts of the defendant's case. It is contended that the court failed to illustrate in what manner these principles would be applicable to the defendant's case; that the principles were so intermingled as to be confusing to the jury; that the court did not define the word "felony"; that the latter part of the charge was inapplicable to the defendant's case; and that the charge was misleading to the jury and deprived the defendant of his defense of justifiable homicide.

The principles of law relating to justifiable homicide were not so intermingled as to deprive the defendant of this defense. After giving the principles contained in each Code section, the judge stated to the jury that, if they found such state of facts to exist, it was their duty to acquit. There was no request to define the meaning of the word "felony", and this failure would not be reversible error. *Worley* v. *State,* 136 *Ga.* 231 (3) (71 S. E. 153). While the provisions of § 26-1013, in regard to justifiable homicide in repelling a forcible attack and invasion on the property of another, were not applicable to the facts of the case, the inclusion of such charge was not harmful error. *Rumsey* v. *State,* 126 *Ga.* 419, 425 (55 S. E. 167).

Ground 23 also excepts to the charge on the principle of justifiable homicide in relation to the invasion of property. This ground is without merit.

In ground 25 it is asserted that the court erred in failing to give a request to charge in the exact language requested. The requested charge relates to the principle of law contained in § 26-1011, and the trial judge, as shown by the extract complained of in ground 9, fully charged on this principle. As previously shown, the request to charge was defective, and the trial judge was not required to charge in the exact language contained therein.

Ground 21 complains because the court failed to charge the provisions of Code § 26-1017, that, "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." As shown in the discussion on ground 9, the court fully charged the principles of law in regard to justifiable homicide, and repeatedly instructed the jury that, if the defendant was justified in the homicide, they should acquit him. It was, therefore, not error to fail to give the exact language of § 26-1017. *Whitfield* v. *State*, 209 *Ga.* 804, 806 (7) (76 S. E. 2d 405).

8. In ground 10 error is assigned on a lengthy extract from the charge wherein the jury were instructed, in substance, that, should they find that the defendant was not justified under the rules of law applicable to justifiable homicide, it would be their duty to convict the defendant. A careful consideration of the charge complained of in this ground shows no reversible error.

9. In ground 11 error is assigned on a charge instructing the jury that, if they had a reasonable doubt as to the defendant's guilt of the offense of murder, it would be their duty to look to the evidence in the case and the defendant's statement to determine whether the defendant was guilty of the lesser offense of voluntary manslaughter. This charge was not error for any reason assigned.

Ground 12 assigns error on the charge that, if the jury should find that the deceased was intending or endeavoring to commit an assault less than a felony on the defendant, or the circumstances were such as to excite the fears of a reasonable man that the deceased intended or endeavored to commit a serious personal injury on the defendant less than a felony, "or if you should believe that there were other equivalent circumstances surrounding the killing to justify the excitement of passion, and to exclude all idea of deliberation or malice, express or implied, and that the defendant or the defendant's son, in case you find they were acting in conspiracy, shot and killed the person named in the indictment under such circumstances," the jury would be authorized to find the defendant guilty of the offense of voluntary manslaughter.

Numerous assignments of error are made on this charge, which have no merit. We agree with the contention of counsel for the defendant that the portion of the charge is incorrect wherein it

refers to a conspiracy in connection with the commission of voluntary manslaughter. Since voluntary manslaughter can only occur under circumstances which "exclude all idea of deliberation or malice," there could be no conspiracy to commit voluntary manslaughter. In the present case, however, neither the evidence nor the defendant's statement showed any voluntary manslaughter. The State's evidence showed only a deliberate killing with deadly weapons. The defendant, in his statement, sought to show facts which might make the homicide justifiable. The defendant, therefore, was not harmed by the court's charge on voluntary manslaughter, which gave him the benefit of an instruction on a lesser offense.

Ground 24 assigns error on the same excerpt from the charge set out in ground 12, on the additional grounds that the instructions placed on the defendant the burden of establishing his innocence beyond a reasonable doubt, and that it intermingled the principles of law pertaining to justifiable homicide with those concerning voluntary manslaughter. There is no merit in these contentions.

10. Ground 13 assigns error on a long extract from the charge. The contention that the court erred in not charging Code § 26-1017 in connection with the forms of verdicts which the jury might return can not be sustained. The court fully charged the law of justifiable homicide, and instructed the jury that they should acquit the defendant if they found that he was justified under the rules of law charged. See division 7 of this opinion.

It is contended in this ground that the charge as given unduly restricted the jury in their right to recommend mercy. With reference to the right of the jury to recommend mercy, the court concluded this part of its charge in the following language: "I charge you that you can make that recommendation with or without reason. The jury does not have to assign any reason if they desire to recommend mercy, that is a matter entirely for the jury. It is a matter for the satisfaction of the jury, you must agree upon a unanimous verdict whatever that may be, whether it' be with or without a recommendation of mercy—whatever you determine." It is insisted that the statement, "It is a matter for the satisfaction of the jury," etc., restricted the jury's right to make a recommendation of mercy.

It is the opinion of the majority of this court—under the rulings in *Vann* v. *State,* 83 *Ga.* 44 (9 S. E. 945) ; *Hackett* v. *State,* 108 *Ga.* 40 (33 S. E. 842) ; *Hugle* v. *State,* 147 *Ga.* 35 (92 S. E. 646) ; *Wheat* v. *State,* 187 *Ga.* 480 (1 S. E. 2d 1) ; *Mims* v. *State,* 188 *Ga.* 702, 705 (4 S. E. 2d 831) ; *Davis* v. *State,* 190 *Ga.* 100, 101 (8 S. E. 2d 394) ; *Brown* v. *State,* 190 *Ga.* 169, 172 (8 S. E. 2d 652) ; *McCoy* v. *State,* 191 *Ga.* 516, 518 (13 S. E. 2d 183) ; *Billingsley* v. *State,* 193 *Ga.* 711, 716 (19 S. E. 2d 915)—that the charge of the court did not unduly restrict the jury's right to recommend mercy.

11.   Grounds 14, 15, 16, and 26 complain that the court erred in failing and refusing to charge stated principles of law relating to mutual combat and the mutual intent to fight.   There was no evidence authorizing a charge on mutual combat, and the defendant's statement did not require such a charge.

12.   Ground 18 contends that the court erred in refusing to charge, in the language requested, on the forms of verdicts which the jury might return.   The court's charge amply instructed the jury on the forms of verdict; for the reason stated in division 6, and it was not error to refuse to charge this portion of the requested charge in the language requested.

13.   Grounds 19 and 20 contend that the verdict was null and void because two of the jurors were prejudiced and biased, and legally disqualified to serve as jurors in the case.   It is asserted that these jurors qualified on voir dire, but that each had previously made statements to named persons which indicated that, if they were drawn on the jury trying the defendant, they would favor the defendant's conviction of murder without a recommendation of mercy.   The grounds were supported by affidavits of the named persons, and affiants certifying the credibility of the named persons, and by the affidavits of the defendant and his counsel.

It is insisted by counsel for the defendant that these grounds must be considered by this court without reference to the countershowing made by the State, and counsel cite *Glover* v. *State,* 128 *Ga.* 1 (57 S. E. 101), *Sasser* v. *State,* 129 *Ga.* 541, 551 (59 S. E. 255), and *Summerlin* v. *State,* 130 *Ga.* 791 (61 S. E. 849), in support of this contention.

The record in the present case shows a different state of facts

from those in any of the cases cited. While the documents composing the countershowing of the State were not attached by the defendant as exhibits to the amended motion for new trial, the order of the trial judge overruling the motion for new trial recited that he heard the affidavits of the defendant and the counteraffidavits and exhibits of the State, and the judge identified these affidavits by the names of the affiants and identification letters, and described the indictments, by number and the offense charged, with the convictions thereon, which were introduced to attack the credibility of one of the defendant's affiants. In this order the trial judge ordered that the State's Exhibits A, B, C, D, and E be filed as a part of the record in the motion for new trial. The certified bill of exceptions specified as material to an understanding of the errors complained of two items, as follows: "(2) The original motion for new trial filed on the 28th day of July, 1955, together with the amended motion for new trial and all exhibits and the certificate of the trial judge attached thereto. (3) The order of the court of October 6, 1955, overruling the motion for new trial as amended." The original transcript of the record was filed in the office of the clerk of this court on November 9, 1955. On December 13, 1955, there was filed a supplemental transcript, which the clerk of the superior court certified was a true copy of the State's exhibits A, B, C, D, and E, which were ordered filed of record in his office under the order of the trial judge denying the motion for new trial, and which had been inadvertently omitted from the original transcript of the record.

Since the record clearly shows that the countershowing by the State became a part of the record in the case by order of the trial judge prior to the certification of the bill of exceptions, the inadvertence of the clerk of the superior court in omitting the countershowing from the original transcript will not prevent this court from considering a properly certified supplement to the transcript.

The countershowing by the State included affidavits of the two jurors, denying that they had made the statements attributed to them, and asserting that they were qualified jurors; and certified copies of convictions of one of the defendant's affiants for crimes involving moral turpitude. The issue made by this countershowing was decided by the trial judge against the contentions of the

defendant, and there does not appear to be any abuse of discretion in this decision.

14. Ground 27 complains because the court refused to give the jury a charge dealing with insanity, including the principles of law pertaining to delusional insanity and temporary insanity. The evidence in the case did not require such a charge as that set out in this ground.

*Judgment affirmed. All the Justices concur except Head, J., who dissents.*

HEAD, J., dissenting from the rulings in division 10 of the opinion, and the judgment of affirmance. A general verdict of guilty without a recommendation of mercy is never demanded as a matter of law in this State. *Jones* v. *State,* 207 *Ga.* 379 (62 S. E. 2d 187). In no case is a trial judge authorized to so charge as to impose a limitation upon the jury in the recommendation of mercy. This is true however heinous the crime, and regardless of the nature of the evidence relied upon to establish the guilt of the accused. The authorities cited and relied upon by the majority do not support or sustain the charge assigned as error on the ground that a limitation was imposed. Only in the case of *Wheat* v. *State,* 187 *Ga.* 480, is there any relation to the question here made. In the *Wheat* case the trial judge charged: "If you should decide for any reason satisfactory to yourselves, *or without any reason,* to recommend that the defendant be imprisoned for life, then that would be binding upon the court and that would be the sentence imposed upon the defendant." (Italics supplied.) Standing alone, the implication that the jury had to have a "satisfactory reason" for their recommendation of mercy would impose a limitation on the right to recommend, in violation of the rule that the jury is not restricted in any way. The jury was instructed in in the same sentence, however, that they could recommend without any reason. This removed the implication that the jury had to have some reason for their recommendation.

In the present case, the trial judge charged the jury: "I charge you that you can make that recommendation [mercy] with or without reason." This charge was correct and is supported by the authorities cited by the majority in this division of the opinion. Had the trial judge stopped with this charge, there would be no valid ground for complaint. After correctly charging, how-

ever, in the language quoted, he continued: "It is a matter for the satisfaction of the jury," etc. It may well be that the trial judge intended to use the word "determination," and this would not have been error. *Thomas* v. *State*, 129 *Ga.* 419 (59 S. E. 246). Assignments of error, however, are not reviewed upon what might have been done, but upon the record. The word "satisfaction" has a number of meanings. It means the "fulfillment of any need," or "that which operates so as to discharge an obligation." Webster's International Dictionary (2d ed.), p. 2220. In the present case the jury could not properly have been limited to finding a "need" that they recommend mercy, nor could they have been limited in that they must have found an "obligation" to so recommend before they would have been authorized to do so. The final result in the present case was to so limit and restrict a correct charge by an incorrect one that the defendant was deprived of a substantial right under the law. *Hill* v. *State*, 72 *Ga.* 131; *Cohen* v. *State*, 116 *Ga.* 573 (42 S. E. 781); *Thompson* v. *State*, 203 *Ga.* 416 (47 S. E. 2d 54).