### 4018. NALLEY *v.* THE STATE.

1. The indictment sufficiently charged an offense under § 245 of the Penal Code of 1910, and was not subject to demurrer, either upon the ground that it charged two separate and distinct offenses in one count, to wit, forgery and uttering a forged paper, or upon the ground that it did not appear from the indictment that the paper might be used to defraud, or, if genuine, would have injured any one.

2. Where one is charged with altering an answer which had been filed to a summons of garnishment, the fact that the garnishee lives in a militia district other than the one to which the summons of garnishment was made returnable constitutes no defense.

3. Where, in a criminal case, the jury are distinctly instructed that if certain theories of the evidence, contended for by the accused, are, in the opinion of the jury, well founded, they should acquit, the inadvertent omission to instruct the jury as to the form of a verdict of acquittal is not cause for a new trial.

4. A ground of a motion for a new trial, complaining of the admission of documentary evidence, will not be considered, when the evidence objected to is not so substantially set forth in the ground as to enable the reviewing court to determine the point without reference to other parts of the record.

5. Where a document which would be admissible as evidence for the State in a criminal case is shown to be in the custody of the accused or his counsel, secondary evidence of the contents of the writing is admissible.

6. Where counsel states in his place that he has been misled or entrapped by a witness offered by him, who has, before the trial, made to the

counsel statements at variance with the testimony then being given, the court may, in its discretion, permit the counsel to ask the witness leading questions.

7. The refusal of the court to direct a verdict in a criminal case can not be made the subject-matter of an assignment of error in the reviewing court.

8. The evidence authorized the verdict.

DECIDED APRIL 2, 1912.

Indictment for forgery; from Paulding superior court—Judge Price Edwards. December 15, 1911.

The accused was indicted for altering and publishing as true an answer to a summons of garnishment. The facts alleged in the indictment were as follows: In a suit pending in a justice's court, summons of garnishment was issued and served, and the garnishee filed an answer, admitting indebtedness in a named sum. While the answer was on file, the accused, who was attorney at law for another creditor of the defendant, had summons of garnishment issued by the magistrate of another district and served upon the garnishee; and, when the second garnishment case came on to be. tried, the accused fraudulently obtained possession of the answer filed in the first proceeding, and, with intent to defraud the garnishee, "did make, forge, alter, and counterfeit said original and genuine answer," by erasing the name of the original plaintiff and substituting that of the client of the accused, and by changing the dates in the answer, so as to make it appear as an answer to the summons of garnishment served in the second proceeding; and the accused, knowing the answer as thus changed to be false, altered, and counterfeited, uttered and published it as true, by filing the answer in the court to which the second summons of garnishment was made returnable. A demurrer to the indictment was overruled. After conviction the accused filed a motion for a new trial; and he excepts to the overruling of this motion, and to the refusal to quash the indictment.

*J. S. James,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, A. L. Bartlett,* contra.

POTTLE, J. 1. An abstract of the indictment is set forth above. It was framed under the act of 1907, found in § 245 of the Penal Code of 1910. It charged the offense substantially in the language of that section, and was not subject to general demurrer. It has been directly ruled by the Supreme Court several times that forgery and uttering the forged paper may be joined in one count in the

same indictment. *Thomas* v. *State, 59 Ga.* 784; *Lascelles* v. *State,* 90 *Ga.* 347 (4) (16 S. E. 945, 35 Am. St. R. 216). See, also, *Heath* v. *State,* 91 *Ga.* 126 (16 S. E. 657), and *Hale* v. *State,* 120 *Ga.* 183 (47 S. E. 531). There was no error in overruling the demurrer.

2. The answer to the garnishment as originally filed was in the case of W. O. Hitchcock *v.* T. F. V. Cole, alleged to have been pending in the justice's court of the 1080th district. It was sworn to on April 15, 1907, and admitted an indebtedness of about $75, being the balance which the garnishee claimed to be due on certain notes which he had made to Cole, the defendant, for borrowed money. In the answer as altered the case was stated to be that of A. L. Scroggins *v.* T. F. V. Cole, pending in the justice's court of the 1080th district. The date was changed so as to make it appear that the answer had been sworn to on December 15, 1907. In the indictment it is alleged that judgment had been obtained by Scroggins in the justice's court of the 951st district against the defendant T. F. V. Cole, for the sum of $35, and that the summons of garnishment which had been sued out by the accused as the attorney for Scroggins was based upon this judgment. The point is made that under § 4754 of the Civil Code of 1910, when the garnishee resides in a different militia district from that in which the judgment was obtained, the affidavit and bond for garnishment should be made before an officer of the district in which the garnishee resides, that the summons of garnishment should be made returnable in the district of the garnishee's residence, and that the garnishment proceedings in the Scroggins case were void, because the summons was made returnable to the justice's court of a district other than that in which the garnishee resided. It is insisted that, the proceedings being void, a forged or counterfeit answer filed in the district to which the summons was returnable could not have defrauded the garnishee, and that for this reason the conviction was unauthorized. There is no merit in this point. If a summons of garnishment should be made returnable to a district other than that in which the garnishee resides, the garnishee could raise the point by appearing and pleading to the jurisdiction of the court, but if he waived jurisdiction by appearing and filing an answer, he would be bound by any judgment rendered in the garnishment case. For this reason the answer as altered and filed

2

could have been used to defraud the garnishee, and, if it had been a genuine answer, judgment rendered in the garnishment case would have been binding upon him.

3    The judge's charge was not sent up with the record. By approving the grounds of the amended motion for a new trial unconditionally, he certified that he did not charge the jury in reference to the form of their verdict in the event they found the defendant not guilty. It appears, however, from an extract from the charge, set forth in another ground of the motion for a new trial, that the judge distinctly charged the jury that they must confine themselves to the allegations made in the indictment, and to the opinion which they might entertain of the evidence, and "make up a verdict of guilty or not guilty, as the evidence justified." The jury returned a verdict of guilty, with recommendation that the accused be punished as for a misdemeanor. Where, in a criminal case, the judge distinctly charges the jury that if they believe the evidence offered in behalf of the accused, they should acquit him, the inadvertent omission to state what should be the form of their verdict in the event of acquittal will not be cause for a new trial. *Thompson* v. *State,* 120 *Ga.* 132 (5) (47 S. E. 566).

4.    In several grounds of the motion for a new trial complaint is made of the admission of documentary evidence, but the evidence is not set out, either literally or so substantially that this court can determine the question sought to be raised, without reference to other parts of the record. For example, in the 5th ground of the motion the alleged error is thus stated: "Because the court erred in admitting before the jury the certified copy offered in evidence by the State, signed J. R. Lawrence, J. P. 1080 dist. G. M., dated Aug. 10, 1909." In the 10th ground the complaint is made generally that the court erred in admitting in evidence a "certified copy of the proceedings of the garnishment proceeding." In the 11th ground the complaint is made generally that the court erred in overruling "the objection to the answer of G. F. Cole to the garnishment tendered in evidence by the State." It has been many times ruled that assignments of error such as those above referred to present no questions with which the reviewing court can deal. *Shippen Lumber Co.* v. *Gates,* 136 *Ga.* 37 (70 S. E. 672); *Sasser* v. *Pierce,* 9 *Ga. App.* 27 (70 S. E. 197); *Jones* v. *Pope,* 7 *Ga. App.* 538 (67 S. E. 280); *Rossiter MacGovern*

& Co. v. *Carrollton Elec. Co.,* 5 *Ga. App.* 393 (63 S. E. 233);
*Barker* v. *State,* 1 *Ga. App.* 286 (57 S. E. 989).

5. One of the documents material to the State's case could not
be found. Upon the preliminary investigation before the court
there was testimony from which the court could have found that
the paper was in the custody of the accused. The accused objected
to secondary evidence of the contents of this paper. Since the
court could not compel the accused to produce evidence against
himself, the paper was so inaccessible that secondary evidence of
its contents was admissible. *Farmer* v. *State,* 100 *Ga.* 41 (28 S.
E. 26), and cases cited; *Moore* v. *State,* 130 *Ga.* 322 (4) (60 S. E.
544).

6. The court permitted State's counsel to propound leading
questions to a witness who had been called by the State. Counsel
stated that he had been misled by the witness, that statements had
been made to him by the witness totally at variance with the testi-
mony then being given, and, for this reason, he desired permission
to lead the witness for the purpose of ascertaining the truth of
the matter then under investigation. There was no abuse of dis-
cretion in permitting leading questions to be propounded to this
witness. Matters of this nature are in the discretion of the trial
judge, and it is only in extreme cases that the reviewing court
will interfere. In the present instance the judge properly exer-
cised his discretion. *Barker* v. *State,* 1 *Ga. App.* 286 (57 S. E.
989).

7. Where, in a criminal case, there is no evidence upon which
a verdict of guilty could properly be based, it is not improper for
the trial judge to so state to the jury, and advise them to return
a verdict of not guilty. It is a needless consumption of time to
permit extended arguments in a criminal case, and to give lengthy
instructions upon various theories of the law, when there is a total
lack of evidence to authorize a verdict of guilty. In such a case
the trial judge not only has the right, but it is his duty, if he
interprets the law in such a way as that when applied to the evi-
dence a verdict of acquittal would necessarily result, to so instruct
the jury and end the case. But while this is true, a refusal of the
trial judge, at the close of the evidence for the State, to direct a
verdict of "not guilty" is not a proper subject-matter of an as-
signment of error in the reviewing court. The only question in
reference to the evidence which this court can consider is whether

or not, upon an examination of the evidence as a whole, including the statement of the accused, there was any evidence upon which a verdict of guilty could properly be founded.

8. We have carefully examined the evidence in this case. It appears that the accused had a claim in favor of Scroggins against T. F. V. Cole, and that as attorney at law he caused summons of garnishment to be issued and served upon G. F. Cole; that the garnishee called the attorney over the telephone, and stated that he was unable to come to town and make answer to the garnishment, and inquired if he could not make the answer over the telephone. The attorney replied that he could; whereupon the garnishee instructed the attorney to make for him the same answer which he had previously filed in the case of Hitchcock *v.* T. F. V. Cole, with the exception that the notes which the garnishee had given to T. F. V. Cole had been transferred by Cole to some other person since the filing of the first answer. Counsel for the accused claims that in filing the second answer he acted under instructions from the garnishee, and that although the transaction was illegal, the evidence demanded a finding that he could have had no criminal intent in making the alteration in the answer to the garnishment. The difficulty about this contention is that the accused did not comply with the instruction given him by the garnishee. In effect, the instruction was to file an answer that the garnishee was not indebted at that time to the defendant; and the answer as filed by the accused showed an existing indebtedness of $75. There was sufficient evidence from which the jury could find that the accused made the alteration in the answer, as alleged in the indictment. He did not in his statement undertake to explain the transaction, but contented himself with a general statement to the effect that he was not guilty of the crime with which he was charged, and had never been guilty of any similar crime in his life. The circumstances were such as to call for a detailed explanation from him in reference to the transaction, and his failure to give it was proper matter for consideration by the jury, upon the question of criminal intent. This question was one peculiarly for their determination, and this court has no power to set aside a verdict in any case where there is any evidence upon which it could be based, unless there has been some material error of law. No such error having been committed in the present case, it necessarily results that the judgment must be                    *Affirmed.*