## EVANS *v.* THE STATE.

1. So much of Penal Code § 146 as makes it a felony to break and enter a "storehouse, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or

stored," with intent to commit a larceny, is in conflict with, and prohibits the application of, Penal Code § 179, in so far as it purports to make it a misdemeanor to break and enter a house of the character above mentioned, with intent to steal, where the offender, being detected, is prevented from carrying the intent to steal into effect. There is no other conflict between the two code sections.

2. In Penal Code §§ 177 and 178 separate offenses are defined, and neither of these sections conflicts with sections 146 and 179.

NOVEMBER 15, 1916.

The Court of Appeals certified the following questions (in Case No. 7316):

"1. Would testimony showing that one was detected after breaking into the office of a gin-house (not used as a dwelling-house), with his head and a part of his body in the window, and with one hand inserted in the cash drawer and clutching a bag containing money, but was then interrupted and thereby prevented from carrying into effect an apparent intention to steal, tend to support a charge of burglary, under section 146 of the Penal Code of 1910, or would such proof be sufficient to show only a violation of section 179 of the Penal Code? See *White* v. *State*, 7 *Ga. App.* 596 [67 S. E. 705].

"2. What constitutes the precise distinction between burglary as defined in section 146 of the Penal Code, and breaking and entering any house in section 146 of the Penal Code, and breaking and entering any house or building (other than a dwelling-house or its appurtenances), with intent to steal, where the accused is detected and prevented from carrying such intention into effect, and in fact nothing is actually stolen from the house?

"3. Do sections 146, 177, 178, and 179 of the Penal Code conflict in any particular with each other, or does any one of these sections cover the offense defined or described by any other of these sections?"

*William C. Henson*, for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.

ATKINSON, J. 1. Section 146 of the Penal Code (1910) is as follows: "Burglary is the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny. All outhouses contiguous to or within the curtilage or protection of the mansion or dwelling-house shall be considered

as parts of the same. A hired room or apartment in a public tavern, inn, or boarding-house shall be considered as the dwelling-house of the person occupying or hiring the same." Section 179 of the Penal Code is as follows: "Any person breaking and entering any house or building (other than a dwelling-house or its appurtenances) with intent to steal, but who is detected and prevented from carrying such intention into effect, and any person breaking or entering any such house or building, and stealing therefrom any money, goods, chattels, wares, or merchandise, or any other thing or article of value, shall be guilty of a misdemeanor." Both sections relate to offenses founded on invasion of rights with respect to houses, and in each instance the character of the house is made an element of the offense. In construing the statutes it may be helpful to classify the houses into (1) dwelling-houses (also called mansion) and all outhouses within the curtilage; (2) storehouses or other places of business where valuable goods, wares, produce, or other articles of value are contained or stored; (3) any house or building other than a dwelling-house or its appurtenances. It will be observed, by giving effect to the broad language "any house . . other than a dwelling-house or its appurtenances," that class three excludes class one, but includes class two and any other house not included in class two or class one. Under such construction, both sections of the code refer to class two; section 146 making it a felony to "break and enter" such a house with intent to commit a felony or larceny, whether or not anything more is accomplished or prevented from being accomplished, while section 179 makes it a misdemeanor to break and enter a house with intent to steal, where the offender is detected and prevented from carrying the intent into effect. Section 179 also makes it a misdemeanor to break or enter, and, having broken or entered, to steal therefrom any money, goods, wares, etc.; but this in no way conflicts with section 146, which involves "breaking and entering" with such criminal "intent" as provided therein. Nor does section 179 conflict with that part of section 146 which makes it a felony to break and enter a house of classes one and two, with intent to commit a felony other than a larceny. But so much of section 179 as makes it a misdemeanor to break and enter a house of class two, with intent to steal therefrom, but on account of detection the offender is prevented from carrying

the intent into effect, is obviously in conflict with section 146. Section 179 is as it was contained in the first Penal Code (Acts 1833, p. 161, sec. 29), and brought forward in the several succeeding codes. Section 146, in so far as it relates to houses of class one, was also in the first Penal Code; but that part of it which refers to houses of class two and conflicts with section 179, as pointed out above, has been added by amendent. Acts 1866, pp. 151-152. The amending acts were adopted prior to the constitution of 1877, and were not affected by the provision of art. 3, sec. 7, par. 17, of the constitution (Civil Code of 1910, § 6445), prohibiting amendment or repeal of any law or section of the code unless distinctly described in the amending or repealing act. At the time of adding houses of class two to section 146 by amendment, as above, the only offense by breaking and entering houses of that class was a misdemeanor under the broad language of section 179, which contained seemingly unnecessary language about the offender being detected and prevented from stealing after having broken and entered. By adding houses of class two to section 146, to break and enter a house of that class with intent to steal, without more, was a felony. It was manifestly intended by the amendments to make section 146 qualify section 179 to the extent indicated. The mere circumstance that the position of section 179 in the code, which being adopted by the legislature has the effect of a statute, follows that of section 146 does not require a construction that, in so far as the two sections conflict, section 179 qualifies section 146 rather than that it is qualified by section 146. The rule is, that, both sections being but the codification of statutes, the original statutes will be looked to in determining which is controlling. *Williams* v. *W. & A. R. Co.*, 142 *Ga.* 696 (2), 699 (83 S. E. 525). Accordingly, testimony showing a breaking and entering by an offender into the office of a gin-house of another, not used as a dwelling, with one hand of the offender inserted in the cash drawer and clutching a bag containing money, but that the offending person was then interrupted and thereby prevented from carrying into effect an apparent intention to steal, would support a charge of burglary under section 146, but would not support a charge of misdemeanor under section 179.

2. In Penal Code section 177 it is declared: "Any person entering a dwelling-house, store, shop, or warehouse, or any other

house or building, with intent to steal, but who is detected and prevented from so doing, shall be guilty of a misdemeanor." In Penal Code § 178 it is declared: "Any person breaking any dwelling-house, store, shop, or warehouse, or any other house or building, with intent to steal, but who is detected and prevented from effecting such intention, shall be guilty of a misdemeanor." It will be perceived that the former section penalizes "entering" houses of a certain class "with intent to steal," etc., and the latter penalizes "breaking" houses of the same class "with intent to steal." These apply to different acts, and each is also different from sections 146 and 179, set out in the preceding division of this opinion, both of which apply to cases of "breaking and entering" houses of the classes in them mentioned. As pointed out in the first division of the opinion, there is a partial conflict between sections 146 and 179, but sections 177 and 178 do not conflict with either of those sections or with each other.

*All the Justices concur.*