*A. B. Lovell, solicitor,* contra.

---

### 7316.   EVANS *v.* THE STATE.

WADE, C. J.   1. There is no substantial merit in the ground of the motion for a new trial which complains that the court instructed the jury that the indictment charged the defendant with breaking, entering, and carrying away a certain sum of money, whereas the allegations in the indictment were that the defendant did break and enter, etc., "with intent to commit a larceny, the said intent being then and there to take and carry away, with intent to steal the same, five hundred dollars in money of the value of ·five hundred dollars of the personal goods," etc. Since the acts charged in the indictment were punishable under section 146 of the Penal Code, this slight inaccuracy in the charge was not harmful to the accused.

2. This court certified to the Supreme Court, in this case, the following question:   "Would testimony showing that one was detected after breaking into the office of a gin-house (not used as a dwelling-house), with his head and a part of his body in the window, and with one hand inserted in the cash drawer and clutching a bag containing money, but was then interrupted and thereby prevented from carrying into effect an apparent intention to steal, tend to support a charge of burglary, under section 146 of the Penal Code of 1910, or would such proof be sufficient to show only a violation of section 179 of the Penal Code? See *White* v. *State,* 7 *Ga. App.* 596 [67 S. E. 705]."   In answer the Supreme Court said that "testimony showing a breaking and entering by an offender into the office of a gin-house of another, not used as a dwelling, ·with one hand of the offender inserted in the cash drawer and clutching a bag containing money, but that the offending person was then interrupted and thereby prevented from carrying into effect an apparent intention to steal, would support a charge of burglary under section 146, but would not support a charge of misdemeanor under section 179."   *Evans* v. *State,* 146 *Ga.* 98, 101 (90 S. E. 743).   It is therefore apparent that there is no merit in the 2d special ground of the motion for a new trial.

3. The evidence supports the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.     Hodges, J., absent.*
DECIDED DECEMBER 11, 1916.

Indictment for burglary; from Floyd superior court—Judge .
Wright. February 16, 1916.

*William C. Henson,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.