## 9456. BURGAMY v. HOLTON.

1. The demurrer setting up the statute of frauds was properly overruled. If the alleged agreement of the defendant, to pay to the plaintiff the rent of certain land of the defendant for the year 1916 in consideration of services to be rendered by the plaintiff, was one required by the statute of frauds to be in writing, it was taken out of the statute by performance on the part of the plaintiff. Nor was the petition subject to demurrer on the ground that the alleged agreement was without con-

sideration, or on the ground that the petition failed to put the defendant on notice as to what farm was referred to in the agreement.

2. The course of dealing between the parties in preceding years, as to payment of rent, was admissible as tending to illustrate what the contract was for the year in question.

3. Testimony of the plaintiff that his wife told him that the defendant's wife said to her that the defendant was mad, and "not to mention" the rent in question, was admissible in explanation of the plaintiff's reason for not asking the defendant for the rent, in a settlement between them.

4. The verdict was supported by evidence.

DECIDED OCTOBER 22, 1918.

Complaint; from city court of Sandersville—Judge Jordan. December 1, 1917.

*M. L. Gross, Evans & Evans,* for plaintiff in error.

*T. J. Smith, Rawlings & Wood,* contra.

HARWELL, J. Holton brought suit against Burgamy, claiming that the defendant employed him to superintend a certain farm, known as the "Home place," for the year 1916, and, in consideration of the services to be rendered by him, agreed to pay him the rents of 124 acres of land known as the "Dixon place." The petition alleged compliance by the plaintiff with his part of the contract, and failure and refusal of the defendant to pay him the rents as agreed. The petition further alleged the value of these rents to be $360 for the year 1916. The defendant demurred to the petition, and also answered, denying that he ever agreed to pay the plaintiff the rent of the Dixon place for services rendered. The answer further alleged that the free use of the Dixon place for the years 1913 and 1914 and the payment of a certain amount of money at the end of the year 1915 were purely gratuitous on the part of the defendant, and were in consideration of the interest which the defendant had in the plaintiff's wife, whom he had reared. The jury found for the plaintiff the amount of rent which the defendant admitted in his answer he had received for the year 1916 for the Dixon place. The defendant made a motion for new trial, which the court overruled, and he excepted.

1. The defendant's demurrer to the petition was on the grounds that the alleged contract was a contract of rental which extended for more than one year, and under the statute of frauds must be in writing; that the contract was nudum pactum and unilateral, and not binding on him; that the money sought to be recovered was in the nature of a gift or gratuity; and that the petition failed to put him on notice as to what farm the plaintiff was to manage,

or where the farm was situated, etc. While the petition does not clearly indicate the time when the alleged contract was made, it is inferable, from the facts alleged, that it was at the beginning of the year 1916. If, however, it was made for a longer time than one year, it was taken out of the statute of frauds, under the allegations of the petition, by a full performance of the contract on the part of the plaintiff; and there is therefore no merit in the ground of the demurrer setting up the statute of frauds. Civil Code (1910), § 3223 (2). There is no merit in the other grounds, and the court did not err in overruling the demurrer.

2. It is complained that the court erred in admitting the testimony of Holton that Burgamy paid him the rent of the Dixon place for the year 1915, after deducting the cost of the repairs. The court did not err in admitting this testimony, under the facts of the instant case. The course of dealings between the parties in previous years was admissible as illustrating what the contract was for the year 1916.

3. It is complained that the court erred in admitting hearsay and immaterial testimony of Holton as follows: "Because my wife told me Mr. Burgamy's wife told her he was mad and not to mention that rent." "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence." Civil Code, § 5763. It appears from the brief of evidence that Holton and Burgamy had a settlement in the fall of 1915 for some work which Holton had done for Burgamy, and this testimony of Holton's was in explanation of his reason for not asking Burgamy for the rent of the Dixon place in that settlement; and we think it was clearly admissible for that purpose.

4. The pressure of the case was on the contract between the parties,—that is, as to whether Holton was to receive the rent of the Dixon place for the year 1916, as a consideration for his superintendence of the home place of Burgamy during that year. The parties were in sharp conflict on this question, but the jury found the issue in favor of the plaintiff. There was some evidence to sustain this finding, it was approved by the trial judge, and this court will not interfere.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*