31609.   JOHNSON *v.* THE STATE.

582

DECIDED SEPTEMBER 3, 1947.

*Roy B. Rhodenhiser Jr., W. W. Daniel,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West,* contra.

MacIntyre, P. J. ■ In special ground 1, the defendant con-tends that the court erred in refusing to grant a motion by defend-ant's counsel to dismiss on the ground that a breaking and enter-ing had not been shown. "The refusal of the court to direct a verdict in a criminal case can not be made the subject-matter of an assignment of error in the reviewing court." *Nalley* v. *State,* 11 *Ga. App.* 15 (7) (supra); *Douberly* v. *State,* 184 *Ga.* 577, 578 (3) (192 S. E. 226).

■ In special grounds 2, 3, 4, and 7, the defendant contends that the court erred in failing to charge the Code, § 26-2633; that the court should have charged that the offense of burglary was an offense reducible to the lesser offense of breaking and entering; that the court erred in failing to charge the law relative to break-ing and entering; and that the court erred in failing to charge the Code, § 26-2631.

Inez Lester testified for the State in part as follows: "Before my husband and I closed up our place of business that night, we made an inspection of the interior to see if there were any patrons left in the place; we checked on that before we went to bed. We checked in the rest room to see if there was anybody left in the rest room, and there was nobody in the rest room. There was

nobody under the tables or anywhere they could hide. We looked all over the place before we went to bed to make sure there was nobody left in the restaurant."

Ernest Lester, the prosecutor, testified in part: "I saw where the defendant broke in and entered my place. He broke in through the back window. Mr. West asked me, 'Was there a screen, how was your back window fastened in, what did he have to do to get through the back window?' and I told Mr. West he 'cut the screen.' The question was asked me, 'Was the back window fastened or unlatched?' and I answered, 'I don't remember whether it was latched or not, but it was up.' It was open when I came in the restaurant that night and the screen in that window was cut. There was a hole in the screen big enough for the defendant to go through there. The window and the screen had not been in that condition before when I closed up my restaurant." On cross-examination, the witness testified: "I said whoever broke in my place came in the back window. The window is about twelve feet high from the ground. It is a pretty high window from the ground but there is a back door next to the window. As to what the door has got to the window, there are steps you can—there are no steps up to the window but there are steps up to the door. From my window to the steps it is about three feet. A man could stand there at the steps and reach right up to the window from the steps."

We are of the opinion that the above evidence was sufficient to authorize the jury to find that there had been a breaking and entering of the storehouse and place of business of the prosecutor. See, in this connection, *Moye* v. *State,* 70 *Ga. App.* 890 (29 S. E. 2d, 791).

The defendant is charged with burglary under the Code, § 26-2401. The evidence shows a breaking and entering of a storehouse, and that the offending person was interrupted and prevented from carrying into effect an apparent intention to steal. "If the defendant breaks and enters the description of house mentioned in the statute [Code, § 26-2401], with the intention to commit a felony, or larceny, and is detected and prevented, etc., the punishment is not mitigated on that account in an indictment for burglary, and the jury under the law had no right, if they believed the defendant broke and entered the house as charged in

the indictment, to find a verdict for any less offense than that charged therein; although they might have believed that the defendant was detected and prevented after he had broke and entered the house from carrying his intention into effect. The offense of burglary was complete, and the law does not relieve him from its consequences, because he was detected and prevented from carrying his intention into effect, as in cases of larceny from the house." *Williams* v. *State,* 46 *Ga.* 213, 218. The distinction between Code, § 26-2401 and §§ 26-2631 and 26-2633 "is affirmed as law." *Lanier* v. *State,* 76 *Ga.* 304, 306; *Evans* v. *State,* 146 *Ga.* 98 (90 S. E. 743); *Daniel* v. *State,* 48 *Ga. App.* 789 (173 S. E. 485).

Therefore it was not error for the trial judge to fail to charge in the language of the Code, §§ 26-2631 and 26-2633; and it was not error to fail to charge that the offense of burglary was reducible to the lesser offenses provided in such Code sections.

■ In special ground 5, the defendant argues that the evidence does not show that valuable goods were stored or kept on the premises where the alleged burglary occurred. This ground is not meritorious. The evidence was sufficient to authorize the jury to find that valuable goods, wares, and merchandise were stored in the storehouse and place of business of the prosecutor as alleged in the indictment.

■ In special ground 8, the defendant contends that the court erred in failing to instruct the jury fully concerning the statement made by the defendant, in that the court omitted to inform the jury that the defendant's statement was not subject to direct or cross-examination. With the defendant we do not agree. *Cargile* v. *State,* 137 *Ga.* 775 (2) (74 S. E. 621); *Kryder* v. *State,* 75 *Ga. App.* 34 (41 S. E. 2d, 824).

■ In special ground 9, the defendant complains of the following charge: "You are the judges of the law in the case, but you take the law as given you in charge by the court, and applying the law to the facts, as you find the facts to be, you return a verdict that speaks the truth of the case, the object of all legal investigation being the discovery of the truth." The defendant objects in particular to that portion of the charge which states, "you take the law as given you in charge by the court." In the preceding divisions of this opinion it has been determined that none of

the assignments of error complaining of the instructions to the jury are meritorious; therefore this assignment of error presents no question for determination by this court.

6. The evidence authorized the verdict.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

31608.   JOHNSON *v.* THE STATE.

DECIDED SEPTEMBER 3, 1947.

*Roy B. Rhodenhiser Jr., W. W. Daniel,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West,* contra.