33989. KAYLOR *v.* ROMINES.

Decided March 19, 1952—Rehearing denied April 2, 1952.

*Yantis Mitchell,* for plaintiff.

*E. H. Stanford,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.)  ▮ Special ground 1 complains of a lengthy portion of the charge to the jury, on the ground that matters were left to the consideration of the jury as to which no issues of fact were made. Since it is not contended that the charges were inaccurate as to any principle of law, it may briefly be stated that the matter excepted to left it to the jury to determine: first, what the legal maximum rent was; second, whether there was an overcharge; third, the amount thereof; and fourth, whether the plaintiff was entitled to treble damages on the ground that the overcharge was the result of wilfulness or the failure to take practical precautions. The complaint that it was error to leave it to the jury to decide whether or not there had been an overcharge, and whether or not it was wilful, amounts only to a complaint that the court should have directed a verdict in favor of the plaintiff. A failure to direct a verdict may never be made the ground of a motion for a new trial, and is not reviewable. *Roberts* v. *Groover,* 161 *Ga.* 414 (1) (131 S. E. 158). This ground of the amended motion is without merit.

■ The remaining special ground contends that the above charges were error for the reason that, since the cross-action of the defendant was for less than the amount of the single overcharge sued upon, it was error to instruct the jury under any condition whatever that they might return a verdict for the defendant. The jury did in fact return a verdict for the plain-tiff in the amount of the single overcharge less the amount of the cross-action, and did not return a verdict in favor of the defendant. Consequently, any error in the charge which might have left the jury with the impression that the pleadings and evidence in this case authorized them to bring back a verdict for some amount in favor of the defendant, or a general verdict in favor of the defendant, was harmless, where the verdict as returned was in favor of the plaintiff for an amount authorized under the evidence. *Bowen* v. *Holland*, 184 *Ga.* 718 (2) (193 S. E. 233). Error, to be reversible, must be harmful. See many cases under Code (Ann.) § 70-207, catchwords, "Harmless error." This ground is without merit.

■ ■ As to the general grounds, the jury was authorized to find from the evidence, construed in its light most favorable to the verdict: that the housing accommodations in question had been first rented on June 1, 1942, by the then owner, Patricia Bell, for a rent of $23, and that a registration was filed by the landlord with the Office of Price Administration, showing this amount as the maximum rent; that the accommodations consisted of one floor of a two-story house; that no application to change this rental was ever made, and it continued to be the ceiling rent; that in 1948 the defendant bought the house from the Bells; that the Bells were living there at the time and were occupying the rooms which are the subject matter of this suit; that the defendant in purchasing the house dealt with a real-estate company, and inquired of its agents whether it was subject to rent control; that he was told it was not and did not need to be registered, as it was a G.I. house and had never been registered; that the defendant landlord rented the apartment to the plaintiff from January 1, 1950, through April 11, 1951, and charged him $70 per month rental; that he had no knowledge that the apartment was subject to rent control, and made no inquiry except at the time he purchased the property; that he relied upon what he was

told at that time and did not check with the rent-control authorities to verify this; and that he received a letter from the plaintiff's attorney before suit was filed, which letter stated that the maximum rent was $23 per month, that the defendant had erroneously informed the plaintiff that there was no rent ceiling thereon, and that a refund was being demanded. The landlord testified that he did not make this refund because he did not have funds with which to do so.

Counsel for the plaintiff in error contends that treble damages should have been awarded as a matter of law on the ground that the evidence demanded a finding that the overcharge was wilful or the result of failure to take practical precautions, citing *Gulden* v. *Berman*, 82 *Ga. App.* 580 (61 S. E. 2d, 692). In that case the landlord had actual knowledge of the rent ceiling but, after making certain renovations, charged a rental which he knew to be in excess of the ceiling rental without notifying the Office of Price Administration either of the changes or of his intention to charge a higher rental and without requesting an increase. Here, the defendant contended that he relied on information from those in a position to know the facts that the house had been owner-built and owner-occupied from the beginning, and had no reason to suspect that the lower floor had in fact been rented eight years previously and a ceiling established thereon. When information, conversations, and the like are facts to explain conduct and ascertain motives, they are to be admitted as original evidence. Code, § 38-302; *Burgamy* v. *Holton*, 22 *Ga. App.* 723 (97 S. E. 199). The question of wilfulness or failure to take practical precautions is essentially one dealing with motive and course of conduct. For this court to hold that mere proof of the existence of an order setting maximum rent, together with proof of an overcharge, would entitle the plaintiff to treble damages as a matter of law and so prevent the jury from passing upon the defense of lack of intent or negligence under the circumstances of the case, would be to nullify that portion of the provisions of 28 U.S.C.A. § 1895, to the effect that treble damages shall not be awarded in cases where the overcharge is not wilful or the result of failure to take practical precautions. Nothing to the contrary is held in Roupp *v.* Woods, 176 Fed. 2d, 544 (2), or Small *v.* Schultz, 173 Fed. 2d, 940 (3), cited by

the plaintiff. In the former case, no evidence whatever was offered by the defendant on the issue of good faith; and, in the latter case, the defendant, with knowledge of the rent ceiling, attempted to evade its provisions by means of an illegal tie-in sale of other commodities. And while these cases indicate that the proper procedure in the Federal courts is to plead lack of wilfulness as an affirmative defense, in this State, under the pleading act of 1893 (Code, § 81-306), the issue may be raised by an answer denying the allegations of the petition; and, when that has been done, the defendant may introduce evidence which either disproves or is a partial defense to the plaintiff's cause of action. See *Nelson* v. *Davis*, 9 *Ga. App.* 131, 137 (70 S. E. 599) ; *Russell* v. *Bayne*, 45 *Ga. App.* 55 (2a) (163 S. E. 290). On the other hand, where the defendant relies upon "matter which is equally available for defense whether the allegations of the petition be true or not," such matter must be affirmatively pleaded. *Southern Ry. Co.* v. *Atlanta Sand &c. Co.*, 8 *Ga. App.* 315, 316 (68 S. E. 1078) ; Code, § 81-307. The plaintiff here sought treble damages based upon a wilful overcharge, and the burden was upon him to prove these contentions. No demurrer was filed to the petition, and no .objection made to the evidence offered to prove lack of wilfulness on the defendant's part. Accordingly, such evidence was properly admitted, and the jury was authorized to find that the overcharge had not been wilful.

The testimony of the defendant in support of the plea of setoff in the amount of $364 for damage done by the plaintiff to the premises was to the effect that the plumbing was stopped up, a window glass broken, a thermostat broken, and general repainting and decorating was needed; that these things were taken care of, and the total cost was $364, of which $325 was for painting and decorating. As to the last item, the plaintiff testified that the painting and decorating were the usual redecoration which would be needed in such a case; that while the plaintiff was living in the house he requested that it be repainted, and the defendant refused at that time because it did not need to be done, but that after the plaintiff moved out it did need to be done. Construing the evidence, therefore, in its light most favorable to support the verdict, it took this redecoration to restore the premises to the condition in which they were at the

time they were turned over to the plaintiff, natural wear and tear excepted.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*