39357. HUNTER v. THE STATE.

DECIDED MARCH 15, 1962.

C. James Jessee, Jr., for plaintiff in error.

Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller, contra.

JORDAN, Judge. 1. Special ground 6 assigns error because the court, over the timely objection of the defendant, permitted a witness for the State to testify in rebuttal on behalf of the State after remaining in the courtroom during the examination of all other witnesses after the rule of sequestration had been invoked. The record does not disclose that a request was made by the State to allow this witness, one of the investigating officers, to remain in the courtroom to assist in the trial of the case. "The mandate of the law is that *in all cases* either party shall have the right to have the witnesses of the other party examined out of the hearing of each other." *Poultryland, Inc. v. Anderson*, 200 Ga. 549, 562 (37 SE2d 785). See *Montos v. State*, 212 Ga. 764 (95 SE2d 792).

"It was error to permit a witness for the State, over timely objections of the defendant, to remain in the courtroom during the examination of other witnesses, after the rule had been invoked and the witnesses had been ordered sequestered, and subsequently to allow this witness to testify for the State."

*McGruder v. State*, 213 Ga. 259 (9) (98 SE2d 564). Nothing appearing in the record in this case to bring it within any exceptions to this rule, the court erred in allowing this witness to testify over objection from the defendant, after remaining in the courtroom when the sequestration of the witnesses had been ordered by the court.

2. Special grounds 8 and 9 assign error on the admission of testimony offered by the State for the purpose of impeachment upon the ground that the proper foundation had not been laid for such evidence. These grounds are without merit.

3. Special ground 12 assigns error because the court failed to remove the jury from the courtroom before and at the time the defendant made a motion for a directed verdict. It is well established that the refusal of the court to direct a verdict in a criminal case cannot be made the subject matter of an assignment of error in the reviewing court. *Nalley v. State*, 11 Ga. App. 15 (74 SE 567); *Johnson v. State*, 75 Ga. App. 581, 583 (44 SE2d 149). The defendant, not being entitled to have the court direct a verdict in his favor, cannot complain that he was injured because the motion was made in the presence of the jury. This ground is without merit.

4. Special ground 11 has been abandoned. The matter complained of in special ground 10 is not likely to recur on another trial; and this ground and the general grounds therefore are not ruled upon since the case is to be retried. The remaining special grounds are without merit.

For the reasons set forth in division one the trial court erred in denying the motion for a new trial.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*