41363.   PAINTER v. THE STATE.

Submitted June 8, 1965—Decided June 15, 1965—
Rehearing denied July 1, 1965.

*John N. Crudup,* for plaintiff in error.

*Jeff C. Wayne, Solicitor General, Frank C. Strickland,* contra.

NICHOLS, Presiding Judge. ■ Special grounds numbered 1, 2, 3, 4 and 6 of the defendant's amended motion for new trial all assign as error the refusal of the trial court to direct a verdict of acquittal upon various grounds. "It is well established that the refusal of the court to direct a verdict in a criminal case cannot be made the subject matter of an assignment of error in the reviewing court. *Nalley v. State,* 11 Ga. App. 15 (74 SE 567); *Johnson v. State,* 75 Ga. App. 581, 583 (44 SE2d 149)." *Hunter v. State,* 105 Ga. App. 564 (125 SE2d 85).

■ "A ground of a motion for new trial that complains of an excerpt from the judge's charge must in order to show error assign a valid reason why the charge is incorrect." *Mutual Benefit Health &c. Assn. v. Hickman,* 100 Ga. App. 348 (3) (111 SE2d 380).

Special grounds numbered 7, 8, 9 and 10 of the defendant's amended motion for new trial each complains of an excerpt from the charge without assigning any reason why such charge was error. Accordingly, such grounds of the motion for new trial present nothing for decision; and special ground 12, which complains of the excerpts of the charge set forth in special grounds 7, 8, 9 and 10 because they violated the defendant's constitutional rights, without giving any reason as to how or why such excerpts violated his rights cannot be considered since it makes no attempt to show how his constitutional rights were violated. See *Betts Co. v. Mims,* 14 Ga. App. 786, 788 (82 SE 474); *Early v. State,* 14 Ga. App. 467, 471 (81 SE 385).

■ Special ground 5 of the amended motion for new trial

complains that the trial court erred in overruling the defendant's motion for new trial based upon alleged improper argument of the solicitor general. The argument complained of was that under the evidence in this case this was not an amateur job, and under the evidence in this case this was a smooth operation. Under the numerous decisions of this court and the Supreme Court, exemplified by *McFarlin v. State,* 95 Ga. App. 425, 428 (98 SE2d 99), and the cases there cited, the argument of the solicitor general limited to the evidence in the case was not cause for a mistrial.

■ The remaining two special grounds of the defendant's motion for new trial contend that the defendant is entitled to a new trial because of newly discovered evidence. This evidence is an affidavit of one Billy Wilson who claims therein to be the person who committed the larceny of the automobile of which the defendant was convicted of stealing. No affidavit is attached showing the associates, character, and credibility of the witness as required by *Code* § 70-205. Consequently it was not error for the trial court to overrule such special grounds of the defendant's motion for new trial. See also *Gibson v. State,* 178 Ga. 707, 710 (174 SE 354); *Ivey v. State,* 154 Ga. 63, 67 (113 SE 175).

■ The evidence authorized the verdict. "Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Baker v. State,* 55 Ga. App. 159 (189 SE 364). See also *Climer v. State,* 204 Ga. 776 (51 SE2d 802), and citations. While five months elapsed between the time the automobile was stolen and the time it was found in the defendant's possession, where the defendant attempted to show lawful possession by contending that the parts which (according to the testimony of the owner of such automobile), were stripped from such automobile were from a different "make" vehicle owned by the defendant, under all the evidence this fact was a question for the jury's determination. This evidence, coupled with evidence that the defendant sought out and purchased the "body shell" after it was recovered by the sheriff and sold to the used parts dealer by the owner's insurance carrier was sufficient, along with other evidence in the case, to authorize the verdict. See *Wake-*

*field v. State,* 76 Ga. App. 271 (45 SE2d 675). The trial court did not err in overruling the defendant's motion for new trial. *Judgment affirmed. Eberhardt and Pannell, JJ., concur.*