41790. WOOD v. MOBLEY.

SUBMITTED FEBRUARY 7, 1966—DECIDED JULY 15, 1966—
REHEARING DENIED JULY 27, 1966—

E. R. Smith, Jr., for appellant.
Arthur C. Farrar, for appellee.

EBERHARDT, Judge. Only Headnote 1 requires comment. It has been urged that a different result is required by the provisions of the Appellate Practice Act of 1965, as amended (Ga. L. 1965, p. 18; Ga. L. 1966, p. 493). We do not agree. It is provided in the amendment of 1966 that a "Motion for judgment notwithstanding the verdict need not be filed as a condition precedent to review upon appeal of an order or ruling of the trial court overruling a motion for directed verdict, but in all cases where such motion is an available remedy, the party may file the motion, *or* appeal directly from the final judgment and enumerate as error the overruling of the motion for directed verdict." (Emphasis supplied).

It is to be observed that the provision is in the alternative. The losing party may file a motion for judgment n.o.v., *or* he may appeal directly from the judgment and enumerate as error the denial of a directed verdict. Our view is that if he files a motion for judgment n.o.v., as was done in this case, and obtains a ruling on it he has used that device as a means of reviewing the motion for directed verdict at the trial level. If the ruling is adverse he must enumerate it as error on appeal or become bound by the ruling and judgment unexcepted to, which becomes the law of the case. *Kelly v. Strouse*, 116 Ga. 872, 892 (43 SE 280) ; *Griffin v. Beasley*, 173 Ga. 452 (2a) (160 SE 500).

"As was said in *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759), 'a reviewing court should apply the law as

it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law.' See also Texas Co. v. Brown, 258 U. S. 466 (2), 474 (42 SC 375, 66 LE 721)." *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780). This principle is particularly applicable in the area of procedural or remedial legislation, for no litigant has a vested right in a particular manner of adjudicating his right, and so long as he is afforded a manner of doing so there is no constitutional proscription against amending or changing the method prescribed when his right may have accrued, or even pending his action to enforce it. *Knight v. Lasseter,* 16 Ga. 151, 153; *Lockett v. Usry,* 28 Ga. 345 (3). Nor does one who has obtained a verdict have any vested right therein until the judgment thereon becomes absolutely final. *Western Union Tel. Co. v. Smith,* 96 Ga. 569 (23 SE 899). The amendment of 1966 to the Appellate Practice Act of 1965 in no way impairs vested rights; consequently, although this appeal was filed in November, 1965, we must apply the Act in its amended form in arriving at our judgment. There is no disagreement among the judges of this court on that proposition; it is only as to the construction to be given the amendment, as is to be observed in a reading of the special concurrence and dissents.

A different question would have been raised if appellant had not filed a motion for judgment n.o.v. and obtained a ruling thereon, but instead had appealed directly from the judgment, enumerating as error the denial of the motion for a directed verdict.

*Judgment affirmed. Nichols, P. J., Frankum, Jordan, Hall, Pannell and Deen, JJ., concur. Felton, C. J., and Bell, P. J., dissent.*

FELTON, Chief Judge, dissenting in part. I dissent from the ruling in the first headnote and first division of the opinion.

I cannot bring myself to the conclusion that the 1966 amendment to the Appellate Practice Act of 1965 means what the

majority contends it means. Their conclusion is that if one files a motion for n.o.v. he is required to appeal from the judgment denying it and is precluded from appealing from the judgment on the verdict and enumerating as error the refusal to direct a verdict and that the overruling of the motion for judgment n.o.v. is the law of the case as to the refusal to direct a verdict. I think that this conclusion is exactly opposite from the real intention of the above stated amendment of 1966. Its intention was to liberalize the procedure, not to make it more technical and confusing. Before the amendment an appellant could not appeal from the judgment on a verdict and enumerate as error the refusal to grant an n.o.v. (to reach the error in refusing to direct a verdict) unless a motion for a judgment n.o.v. had been filed and overruled. No enumeration of error could be then made of a judgment overruling a motion for a directed verdict. I think that the 1966 amendment intended to make the law as to enumeration of errors on overruling of judgments n.o.v. the same as it was for the overruling of motions for new trials. In the case of the overruling of a motion for a new trial an appellant could appeal from the judgment on the verdict, without filing a motion for a new trial, and enumerate as error any ruling which could have been made as a ground for a motion for a new trial, or he could appeal from the judgment on the verdict or from the order overruling a motion for a new trial if one had been rendered and enumerate the same errors in each appeal or he could appeal from both judgments. If he had been ruled against on a judgment n.o.v. he could also enumerate that as error, but before the amendment, that was the only way he could have reviewed the refusal to direct a verdict, which was an indirect method. The 1966 amendment seeks to liberalize the law of appeal and give the right to have a judgment refusing to direct a verdict passed on and reversed without the necessity of filing a motion for a judgment n.o.v., except that such a ruling could not alone form the basis for a direct appeal from such a judgment. The amendment states in part that the party may *file* the motion for a judgment n.o.v. *or appeal* directly from the final judgment and enumerate as error the overruling of the motion for a directed verdict. This means that the motion for

a judgment n.o.v. may be filed in the *trial* court and the only *alternative* involved is that an appellant is not required to file such a motion. If he is not required to file it, it follows that if he files it he is not required to use it by enumerating it as error, as is the case involving motions for new trials. The majority urges an alternative between an action in the trial court and one in the appellate court—two different things which cannot be alternatives to each other any more than you can add horses and cows and get any sum but animals in general. In interpreting the language of the amendment, in order to get the true logical alternatives, words have to be supplied. To get the meaning the words should be as follows: "the party may file the motion for a judgment n.o.v. [and appeal directly from the judgment denying it] or he may appeal from the final judgment and enumerate as error the overruling of the motion for a directed verdict." Thus the law provides a choice of methods of enumerating as error the refusal to direct a verdict. The methods are consistent methods and the choice of one is not abortive because the refusal to enumerate the errors has made other judgments the law of the case. The refusal to grant a new trial is not the law of the case which precludes an enumeration of an error in an appeal from the judgment on the verdict. Why should this fact and logic not apply to the situation in this case? The General Assembly intended to liberalize and simplify, and the majority opinion has turned the effort into doubt, uncertainty and supertechnical results which take us back into the thickets from which we wish to escape.

BELL, Presiding Judge, dissenting as to Division 1. Under the present Georgia procedural law, there is little difference between a motion for directed verdict and a motion for judgment notwithstanding the verdict. In the grant of the former, the judge tells the jury what to do and they then have no choice and nothing but a robot voice. In the grant of the latter the result is the same, identically so, although the jury had previously returned a verdict on its own. The latter erases the verdict. Each motion is based on a consideration by the trial judge of *all of the evidence* in the case. With the right to appeal error in the refusal to grant a motion for directed verdict ac-

corded by the 1966 amendment, it seems to me that now a motion for judgment notwithstanding the verdict affords only the additional service of allowing the trial judge a longer time for study and reflection on the evidence. That difference is only a practical difference and not a substantive one. On appellate review there is *no* difference at all.

I do not think the 1966 amendment is in the alternative in the sense expressed by the majority. I think it is alternative only in the sense that if both are made in the trial court, either may be enumerated as error and reviewed by the appellate courts.

The majority view engraves a needless and useless technicality on a liberal statute designed to discourage tediousness in appellate practice.

PANNELL, Judge, concurring. I concur in the opinion of the majority and in the ruling expressed in Division 1. However, since the dissenting judges have seen fit to assume that the Act of 1966 effected a change in the substantive law so as to make the overruling of a motion to direct a verdict error, I think it appropriate that I express my ideas thereon.

"Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." *Code* § 110-104. Under this Code section a trial court may direct a verdict, but a refusal of a trial court to direct a verdict is not error in any case and will not require a reversal. *Roper Wholesale Grocery Co. v. Faver,* 8 Ga. App. 178 (1) (68 SE 883); *McClellan v. McClellan,* 142 Ga. 322, 323 (3) (82 SE 1069); *Bennett v. Patten,* 148 Ga. 66, 67 (95 SE 690). Over 200 cases with similar rulings have been referred to by the writer of this opinion, and it is not necessary to encumber this opinion with the express citations of these cases. Accordingly, under this rule we should hold that the trial judge did not err in refusing to direct a verdict in favor of the defendant's plea of accord and satisfaction to the plaintiff's claim for damages arising out of an automobile collision. The majority expresses the opinion however that this rule does not prevail in view of Section 1 of the Act approved March 14, 1966 (Ga. L. 1966, pp. 493, 494) which struck Section 2 of the Appellate

Practice Act of 1965 (Ga. L. 1965, p. 18), as amended by an Act approved March 24, 1965 (Ga. L. 1965, p. 240) and enacted in lieu thereof a new Section 2, part (b) which is as follows: "Motion for judgment notwithstanding the verdict need not be filed *as a condition precedent to review* upon appeal of an order or ruling of the trial court overruling a motion for directed verdict, but in all cases where such motion is an available remedy, the party may file the motion, or appeal directly from the final judgment and *enumerate as error* the overruling of the motion for directed verdict." Even if the latter Act has application here, where the refusal to direct a verdict and the appeal to this court occurred prior to the effective date of such Act (see *Alexander v. Chipstead*, 152 Ga. 851 (1) (111 SE 552); *City of Valdosta v. Singleton*, 197 Ga. 194 (28 SE2d 759); *Fulton County v. Spratlin*, 210 Ga. 447 (80 SE2d 780)), it would not affect the above ruling as the appellant here did "enumerate as error the overruling of the motion for directed verdict" and except for the law of the case we would have here reviewed and considered upon this appeal the order of the trial court overruling the motion for directed verdict and the enumeration of error thereon, and would have held, in accordance with numerous decisions of this court and the Supreme Court, that this action of the trial court *is not error.* We would then have complied with the Act of 1966. There is nothing in the Act of 1966 which requires a finding of error where the trial judge refuses to direct a verdict. This amendment to the Appellate Practice Act was apparently based upon a misconception of the rule applicable in such cases.

There are some decisions of the Court of Appeals stating that an assignment of error on the overruling of a motion for directed verdict is not reviewable in a criminal case. The first case so holding is *Nalley v. State*, 11 Ga. App. 15 (7) (74 SE 567), which gives no citation of authority for the ruling made. This case was followed in *Johnson v. State*, 75 Ga. App. 581 (44 SE2d 149); *Wilkins v. State*, 96 Ga. App. 841 (1) (101 SE2d 912); *Hunter v. State*, 105 Ga. App. 564 (3) (125 SE2d 85); *Painter v. State*, 112 Ga. App. 24 (1) (143 SE2d 680). The only civil case using such language is *Kayler v. Romines*, 85 Ga. App. 839 (1) (70 SE2d 395), which cites as authority *Roberts v. Groover,*

161 Ga. 414 (1) (131 SE 158), which does not sustain the ruling, the case cited holding that the failure to direct a verdict is not reversible error. Both before and after these Court of Appeals cases, this court and the Supreme Court have applied the ruling that the refusal to direct a verdict is not reversible error, or is not ground for reversal in numerous criminal cases. Therefore, it appears that a proper decision of this question involves a determination of which is the correct rule. Prior to the Code of 1885, which first contained the language of *Code* § 110-104 *permitting* the direction of a verdict under certain conditions, it was error to direct a verdict even though the evidence demanded it. See *Stell v. Glass,* 1 Ga. 475; *Holder v. State,* 5 Ga. 441 (1) ; *Beall v. Mann,* 5 Ga. 456 (5) ; *Manning v. Mitchell,* 73 Ga. 660. Although, where verdicts were directed under such circumstances, later cases held the error to be harmless. See *Davis v. Kirkland,* 1 Ga. App. 5, 9 (58 SE 209) ; *Hobby v. Alford,* 73 Ga. 791. *Code* § 110-104, therefore, merely granted permission to direct a verdict when demanded by the evidence *and prevented such direction from being error;* it did not make the *failure or refusal* to direct a verdict an error. As was said in *Kelly v. Strouse,* 116 Ga. 872, 881 (3) (43 SE 280), "The judge of a trial court may in a proper case direct a verdict, but this court will not require him to give a case this direction. If he sees fit to submit to a jury a case which can have only one lawful termination, he may do so. See *Western & A. R. Co. v. Callaway,* 111 Ga. 889 (36 SE 967); *Owen v. Palmour,* 115 Ga. 683 (1) (42 SE 53)." It would seem, therefore, that the basis for the rule is that the refusal to direct a verdict *is not erroneous* rather than the statement that it is not reviewable, and even if the amendment of 1966 should be construed as eliminating the ruling in those cases holding that such a ruling is not reviewable, this amendment did not eliminate the ruling in numerous cases which did review and did consider the alleged error and held that the action of the court in refusing to direct a verdict was not error. To make such action of the trial judge error, an amendment to *Code* § 110-104 would have accomplished that purpose by amending the Code section so that it would read as follows: "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or

inferences therefrom, shall demand a particular verdict, the court may, *and upon motion shall,* direct the jury to find for the party entitled thereto."

Assuming an intent to declare the failure to direct a verdict error, the area of, or determinative circumstance of, the error, is not set forth in the Act. Is the failure to direct a verdict on motion error only in those cases where a verdict *may* be directed under *Code* § 110-104? The Act does not say. Or, is it error to deny a motion for directed verdict when a verdict to the contrary would be unauthorized under the evidence? The Act does not say. Or where a verdict to the contrary would be strongly against the weight of the evidence? The Act does not say. The legislative enactment of 1966 does not say what constitutes the error even if we should agree with the concept that this amendment to the Appellate Practice Act intended to, and does require this court to find that the refusal to direct a verdict is error. This court is left to determine under what circumstances it becomes error, when prior to this enactment *it was never error under any circumstances in any case.* It is my opinion, therefore, that the Act would be too vague and indefinite to be enforced or given effect in this particular. The Act having failed to define the area of error in the action of the trial court in overruling the motion for a direction of a verdict, this court cannot so declare, since in the absence of a statute so declaring to the contrary, *it is not error to refuse to direct a verdict.*

*Until such action of the trial judge is made error,* we should continue, as we have in the past, to review and consider any enumeration of error upon the refusal of the trial judge to direct a verdict (as required by the Act of 1966) and should also continue to apply the numerous rulings of this court and the Supreme Court holding that such action is not error in any case.

Even the Act of 1953 relating to motions for judgment notwithstanding the verdict and requiring that a motion to direct a verdict be made as a condition precedent thereto (Ga. L. 1953, Nov. Sess., p. 444; *Code Ann.* § 110-113) "does not change this rule of law, but merely provides a new method . . . by which a failure to direct a verdict may subsequently become

the basis of reversible error, but where that statute is pursued, the error is not in failing to direct the verdict in the first instance, but in failing to grant the motion for a judgment notwithstanding the verdict." *Bromberg v. Drake,* 91 Ga. App. 118, 122 (2) (85 SE2d 160).

I am well aware of the rule that "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy," and that "Grammatical errors shall not vitiate, and a transposition of words and clauses may be resorted to when the sentence or clause is without meaning as it stands," (*Code* § 102-102 (9)), and that an Act will ordinarily not be so construed as to make it "an exercise in futility" if another construction can legitimately be given (*Central of Ga. R. Co. v. State of Georgia,* 104 Ga. 831 (31 SE 531)); however, I do not see how the language used in the Act of 1966 can mean any more than it says in authorizing or stating that this court can "review" and that the party appealing may "enumerate as error" the overruling of a motion for directed verdict. While the one that presented that bill to the legislature or the one who drafted it may have intended to make the refusal to direct a verdict error *where the evidence demanded such verdict,* the Act did not, and we cannot consider this intention unless the Act itself also evidences such intention by expressing it. See *Keener v. State,* 18 Ga. 194, 217, and *Georgia R. & Bkg. Co. v. Wright,* 125 Ga. 589, 611 (54 SE 52). We quote from the decision last cited: "Lord Nottingham, the author of the statute of frauds, in a decision relating to a provision in that statute, says: 'I have some reason to know the meaning of this law; for it had its first rise from me, who brought in the bill into the Lords' house, though it afterwards received some additions and improvements from the judges and the civilians.' Lord Campbell said, in reference to this remark, 'If Lord Nottingham drew it, he was the less qualified to construe it, the author of an act considering more what he privately intended than the meaning he has expressed.' 4 Campbell's Lives of the Chancellors, 228." In view of what has been said above, I can only conclude that the legislature, in the Act of 1966, was misled by the few cases

decided by this court which erroneously held that the refusal to direct a verdict was not reviewable or did not present a question for consideration by the appellate courts, and while accomplishing a "repeal" of this erroneous rule, did not in any manner change the correct one, based upon the common law. So long as *Code* § 110-104 which makes the direction of a verdict permissive only, and not mandatory, remains unamended, either expressly or by implication, we must adhere to the law as written,—it is not error to refuse to direct a verdict. The Act of 1966 merely provided a method for claiming an alleged error in an appeal to this court. I have never heard of any case where such a change in appellate or post trial procedure of a remedial nature, could, under any circumstances, effect a change in the trial procedure and make the action of the trial judge upon the trial of the case reversible error when heretofore such action was never error.